■ KENNETH NEWMAN, Respondent, v CHARTERED NEW ENGLAND CORP. et al., Appellants, et al., Defendant.—Order, Supreme Court, New York County, entered December 2, 1977, granting plaintiff's motion to the extent of striking the answer and counterclaim of all defendants (except Richard West) unless said defendants comply with the order of the Supreme Court, dated June 14, 1977, unanimously modified, on the law and in the exercise of discretion, to the extent that the answer and counterclaim of said defendants are stricken unless they comply with the order of the Supreme Court, dated June 14, 1977, within 60 days after service of a copy of the order to be entered hereon with notice of entry by producing the records requested by the modified notice for discovery and inspection or by producing copies thereof and making these items available to plaintiff for inspection and/or reproduction; and absent such production defendants may comply by submitting a sworn statement by a person with knowledge as to the efforts engaged in to secure the records or copies thereof and the reason for their inability to supply such matter, in which event production is to be made when the records or copies thereof are acquired by defendants (except West) and, in any event, not later than 60 days prior to trial. Except, as so modified, the order is affirmed, without costs and disbursements. Plaintiff in this action against a stock brokerage firm (the corporate defendant) and its officers and directors claims that a securities fraud was perpetrated in the underwriting of a stock issue in a company not yet in business and that he and other customers were deterred from selling the stock which resulted in the maintenance of an artifically high market price. In compliance with plaintiff's notice for discovery and inspection as modified by an order of the Supreme Court, dated June 14, 1977, defendants submitted certain material together with a letter of counsel that " 'all of the documents * * * on hand as of this date' " have been supplied. In opposition to plaintiff's subsequent motion for an order pursuant to CPLR 3126 to strike the answer and counterclaim of the defendants (except West) for willful refusal to comply, defendants asserted that everything in their possession was produced and that remaining material not produced had theretofore been turned over to the Securities and Exchange Commission pursuant to its investigation of the defendant stock brokerage firm. It is well settled that the severe sanction of striking a defendant's answer and counterclaim for failure to comply with a notice for discovery and inspection will not be imposed if the failure was not willful or due to bad faith or fault on the part of the defendant (see *Livingston v Mayes,* 23 AD2d 814; *Cinelli v Radcliffe,* 35 AD2d 829; see, also, *Societe Internationale v Rogers,* 357 US 197; *National Hockey League v*

*Metropolitan Hockey Club,* 427 US 639). It appearing on this record that the failure to comply was not willful or due to bad faith or fault, reason and regard for orderly procedure dictate that defendants be afforded a further opportunity to comply. Concur—Kupferman, J. P., Lupiano, Birns, Evans and Sullivan, JJ.