■ LOUIS L. BASSETT et al., Respondents, v BANDO SANGSA COMPANY, LTD., et al., Appellants. — Appeal from the order of the Supreme Court, New York County (William P. McCooe, J.), entered on February 8, 1984, which granted plaintiffs' motion to strike defendants' answer and counterclaims, is dismissed as superseded by the order of March 6, 1984, without costs or disbursements. ¶ Order of the Supreme Court, New York County (William P. McCooe, J.), entered on March 6, 1984, which denied defendants' motion for reargument and renewal, is reversed, on the law and in the exercise of discretion, the motion for renewal granted and, upon renewal, plaintiffs' motion to strike defendants' answer and counterclaims denied, without costs or disbursements. ¶ Although Special Term characterized its order as one denying a motion for reargument, defendants correctly contend that, in fact, their motion was one for renewal and rehearing. A motion for renewal or rehearing must be based upon additional material facts not presented to the court at the time that the motion was originally made. (*Foley v Roche,* 68 AD2d 558; 2A Weinstein-Korn-Miller, NY Civ Prac, par 2221.03.) In that regard, when defendants brought their motion for renewal and rehearing, new counsel had been substituted and the disputed interrogatories answered. This prompt response on the part of defendants' new attorneys demonstrated good faith by defendants and, moreover, created a situation different than the one existing at the time of the initial motion. Therefore, Special Term should have granted the motion for renewal and, upon renewal, denied plaintiffs' motion to strike defendants' answer and counterclaims. Actions should, wherever possible, be resolved on the merits and, therefore, litigants who have not replied expeditiously to notices for discovery and inspection should be afforded reasonable latitude before imposition of the harshest available penalty, the striking of pleadings or dismissal of a complaint. It is well established that such a sanction should not be applied unless the failure to comply was willful, contumacious or due to bad faith. (*Newman v Chartered New England Corp.,* 63 AD2d 617; *Rodriguez v Sklar,* 56 AD2d 537.) The conduct of defendants or their prior counsel in connection with the instant matter was not such as to warrant striking defendants' answer and counterclaims. Defendants' newly retained lawyers made a good-faith, even if somewhat belated, attempt to respond to the interrogatories. By February 7, 1984, at the time of the first order, counsel had replied to 53 of the 104 interrogatories and, shortly

thereafter, supplied the remainder of the answers. Under these circumstances, it was an abuse of discretion to strike the defendants' pleadings. Concur — Sandler, J. P., Ross, Carro, Fein and Milonas, JJ.