■ Dorothy Muller, Respondent, v City of New York et al., Appellants, et al., Defendant. — Order, Supreme Court, Bronx County (Irma Vidal Santaella, J.), entered August 8, 1984, which denied the motion of defendants to extend their time to serve a response to the plaintiff's demand for a bill of particulars relative to defendants' affirmative defenses, is unanimously reversed, on the law, the facts and in the exercise of discretion, and defendants' motion is granted, without costs.

This is a medical malpractice action. The third cause of action of the plaintiff's amended complaint, verified May 27, 1981, alleges, *inter alia,* that the defendants, who are the City of New York, New York City Health & Hospitals Corporation, Bronx Municipal Hospital Center, Jacobi Hospital, Van Etten Hospital, Dr. Mordecai Blau, Dr. Michael L. Lewin (collectively the City defendants), did not adequately inform the plaintiff of the risk of a breast reconstruction operation. In response, the City defendants timely served an answer which, *inter alia,* contained affirmative defenses to this cause of action relating to the alleged lack of informed consent.

. Subsequently, the plaintiff served the defendants with a demand for a bill of particulars concerning such affirmative defenses. The City defendants replied. However, the plaintiff, on June 2, 1983, moved for summary judgment dismissing the defendants' affirmative defenses, on the basis that they lacked merit. Special Term considered plaintiff's motion as one to preclude and, in its order dated September 16, 1983, held that the defendants would be precluded unless they served a responsive bill of particulars "within 20 days after service of a copy of this order, with notice of entry".

Thereafter, the plaintiff, in November 1983, moved to confirm the preclusion portion of the September 16th order of Special Term, upon the contention that this revised bill of particulars served by the defendants was neither timely nor responsive.

This time, Special Term, in its order dated February 2, 1984, *inter alia:* (1) found the revised bill of particulars unresponsive, and (2) precluded defendants "unless they serve a further bill fully responsive to * * * plaintiffs [*sic*] demand within 30 days after service of a copy of this order, with notice of entry".

When the defendants served their further bill of particulars, the plaintiff rejected it, upon the basis that it was approximately three weeks late. Thereupon the defendants moved to, *inter alia,* extend their time to serve this bill of particulars and compel plaintiff's counsel to accept it. By order dated July 16, 1984, Special Term denied defendants' motion.

We reverse Special Term in the interest of justice, since "[a]ctions should, wherever possible, be resolved on the merits" (*Bassett v Bando Sangsa Co.,* 103 AD2d 728 [1st Dept 1984]).

Even though, in the instant action, we do not see fit to impose costs, we find that the delay of the attorneys for the City defendants in furnishing a responsive bill of particulars demonstrates conduct which may not be countenanced in the future. The conduct expected of members of the Bar is higher than that demonstrated herein. Concur — Murphy, P. J., Kupferman, Ross, Carro and Milonas, JJ.