■ CLAUDETTE B. CAPLIN et al., Appellants, v EDWARD J. RANHOFER et al., Respondents.—Orders of the Supreme Court, New York County (Bernard Herman, J.), all entered October 22, 1984, dismissing plaintiffs' complaint against defendants Franklin General Hospital, Mihai DiMancescu, I. Melbourne Greenberg, Stephen David Burnstein and New York Hospital, and judgment of the Supreme Court, New York County, entered on December 31, 1984, dismissing the complaint as against defendant Volkswagen of America, Inc., is reversed on the law, the facts and in the interests of justice to vacate the orders and judgment and to reinstate the complaint, without costs, upon the condition that plaintiffs' attorney personally pay to each of the three attorneys for defendants who have filed briefs herein the sum of $500 costs and that plaintiffs comply in detail with the orders of discovery heretofore entered against them, all within 30 days after the entry of the order herein. In the event that plaintiffs and their attorney shall fail to comply with these conditions, the orders and judgment are affirmed, with costs.

Kassal, J., concurs in a memorandum with which Kupferman, J. P., concurs; Sandler J., concurs in a separate memorandum with which Rosenberger, J., concurs; Bloom, J., dissents in a separate memorandum.

The appeal from the order entered on December 14, 1984 is unanimously dismissed as superseded by the appeal from the aforesaid judgment, without costs.

Kassal, J. (concurring). Despite the numerous orders requiring plaintiffs to serve a separate bill of particulars upon each of the attorneys appearing for the separate hospitals and the separate physicians, and the failure to properly respond to the interrogatories served by defendant Volkswagen, we are of the opinion that it was not plaintiffs' purpose to forfeit their right to a determination on the merits of the issues presented by

the pleadings. For that reason, and because the law favors the disposition of actions on the merits wherever possible (*Newman v Chartered New England Corp.,* 63 AD2d 617; *Rodriguez v Sklar,* 56 AD2d 537), we think the ultimate sanction imposed under CPLR 3126 was too severe. We feel that plaintiffs should be afforded one final chance to comply. Accordingly, we reverse, conditioned upon the payment of costs and compliance with the orders.

Sandler, J. (concurring). I concur separately only because plaintiffs' omissions seem to me overstated by the concurring memorandum of Justice Kassal and overstated to a significant extent in the dissenting memorandum.

This is an action to recover damages for injuries allegedly sustained by the plaintiff as a result of alleged gas and brake pedal defects in a car manufactured by Volkswagen of America, and to recover damages for further injuries allegedly sustained as a result of the negligence and malpractice of the defendant doctors and hospitals. Inherent in this action is the reality that there are significant details necessarily not in possession of the plaintiff at the inception of the action. When plaintiff's responses to the demands for bills of particulars and interrogatories are considered in light of this reality, the claimed omissions seem to me much less significant than is stated in the court's memorandum and in the dissenting opinion. Realistically considered, the plaintiff's responses are far more substantial and significant than has been acknowledged.

Except for the respect to which Special Term's exercise of discretion is entitled, I would find it hard to justify the conclusion that the record discloses a willful failure on plaintiff's part to disclose properly requested information.

Bloom, J. (dissenting). Regretfully, I am unable to join with my brethren. In my opinion, plaintiffs' failure to comply with the orders of discovery was deliberate and willful and, by consequence, warrants the sanction imposed by Special Term.

The case arises out of an automobile accident which occurred on the Belt Parkway in the vicinity of Laurelton Parkway in the County of Queens. The plaintiff, Claudette B. Caplin, was operating an Audi automobile allegedly distributed by defendant Volkswagen. It is contended that the accident occurred by virtue of defective gas and brake pedals. Initially she was taken to Franklin General Hospital and thereafter to New York Hospital. It is asserted that the treatment accorded her at these institutions and by the doc-

tors who there treated her was improper. The action against Volkswagen is in negligence and strict products liability while the action against the hospitals and the physicians is in malpractice.

The proceeding was begun in June of 1983 and issue was joined during July and August. Together with their answers, or substantially simultaneously therewith, all defendants except Volkswagen served demands for separate verified bills of particulars. Volkswagen served a demand for interrogatories.

The first flurry of activity came with a series of motions to preclude in November 1983. These were adjourned for somewhat more than a month to afford plaintiffs an opportunity to respond to the demands. Finally, on December 27, 1983, plaintiffs served a "Verified Combined Bill of Particulars" amalgamating all of its responses to the separate demands. The bill, in addition to being general in nature, did not seek to allocate to the several defendants the acts of malpractice allegedly allocable to each.

By stipulation dated January 4, 1984, plaintiffs were to serve a further bill in exchange for the withdrawal of the motion to preclude. Thereupon, plaintiffs divided its verified combined bill of particulars in two. In one it responded to the demands of all of the physicians; in the other it responded to the demands of the hospitals. Objection was made both to the form and content of the bills. Meanwhile, by order dated February 16, 1984, plaintiffs were directed to respond to the interrogatories served by Volkswagen some six months earlier. More than a month later, plaintiffs served their answers to the interrogatories. Simultaneously, they served, for the first time, a bill of particulars on New York Hospital. Both were inadequate.

The first of a series of precalendar conferences was set for April 4, 1984. Plaintiffs' counsel sent a representative from his office who was without authority to deal with the matter. The reason ascribed for counsel's absence was that he was skiing in Switzerland. A second conference was scheduled for April 16, 1984. On that day counsel arrived approximately an hour late and requested an adjournment on the ground that it was the eve of Passover and he was scheduled to attend a Seder that evening with his family in New Haven. The application for an adjournment was denied. Nevertheless, in defiance of the court's order, counsel departed. In the absence of a representative of plaintiffs, the court, by order dated April 15, 1984, directed separate and individual responses to the demand for the bills of particulars and directed that the interrogatories be

answered within 15 days. It provided that failure to comply with this direction would lead to a dismissal of plaintiffs' complaint without further notice. The pretrial conference was adjourned to May 2, 1984, the day following the last day to comply with the court's order. Plaintiffs moved to vacate the court's order.

At the pretrial conference which ensued on May 2, 1984, the court was apprised of plaintiffs' failure to comply with the order of April 16, 1984. The court directed defendants to move, on formal papers, for dismissal. The motions were made and on June 12, 1984, the court disposed of the motion to vacate and the motions to dismiss. It held that despite the conduct of plaintiff's counsel, it would afford plaintiffs "one final opportunity" to comply with its direction. Accordingly, it granted the motion conditionally, requiring plaintiffs to comply with its April 16, 1984 order and to pay to each of defendants' attorneys the sum of $150, all within 20 days. The precalendar conference was adjourned to July 19, 1984.

On July 10, 1984 and July 11, 1984, respectively, plaintiffs served documents labeled "Revised Answers to Interrogatories" and "Revised Bill of Particulars". On July 19, 1984, the parties attended the fourth pretrial conference. This time another Justice presided. Since the Justice presiding knew counsel for plaintiffs, she refused to rule on the objections both to the responses to the interrogatories and the bills of particulars. Apparently with the consent of the parties, the matter was referred to the clerk of the part who set forth the inadequacies of the documents served by plaintiffs. These were incorporated in an order signed by the Justice presiding. Oral applications were made for dismissal. The precalendar conference was adjourned to July 26, 1984 without prejudice to the rights of defendants to move, on papers, for the requested relief.

On July 20, 1984, plaintiffs served a document purporting to be a "Verified Supplemental Bill of Particulars" on Franklin General Hospital. It was followed on July 26 by the final precalendar conference. The Justice who presided was the same as the Justice who presided at the fourth conference. Inasmuch as she had disclosed that she knew counsel for plaintiffs, she was asked to recuse herself. She refused to do so. She was then requested to adjourn the conference so that formal motions to dismiss might be made. That request was granted. These motions followed and were granted unconditionally by Special Term. This appeal followed.

I am well aware of this court's preference that litigation be

resolved on the merits, wherever possible (*Bassett v Bando Sangsa Co.,* 103 AD2d 728). Much leeway is permitted before the ultimate sanction authorized by law will be imposed. However, in this day of ballooning calendars, counsel must be made aware that they owe an obligation to the court as well as to their clients. That obligation imposes the duty, among others, of making reasonably timely, fair and complete responses to demands for discovery so that the court will not be bogged down with needless, time-consuming motions. A time comes in the process of gamesmanship when enough is enough. In this case that time has long since passed.

Accordingly, I would affirm the orders appealed from.