■ ALIN DAURIA et al., Respondents, v CITY OF NEW YORK, Appellant, and JON TERRY, INC., Respondent.—Order of the Supreme Court, Bronx County (Herbert Shapiro, J.), entered January 27, 1986, which granted plaintiffs' motion for an order striking defendant City of New York's answer for failure to produce at an examination before trial an employee with personal knowledge of the area where plaintiff allegedly fell, unanimously reversed, on the law and facts, the plaintiffs' motion denied, defendant's answer reinstated and the action remanded for further proceedings, without costs.

Plaintiffs commenced an action against the City of New York and Jon Terry, Inc., alleging that the plaintiff, Alin Dauria, sustained personal injuries after slipping on snow and ice on the sidewalk in front of the business, Jon Terry, Inc.

Plaintiffs moved for an order striking the city's answer, or, in the alternative, for an order compelling the city to produce, for an examination before trial, a witness with personal knowledge of the area in question. Plaintiffs also sought to have the defendant city conduct a search of drainage problems. Plaintiffs argued that, rather than producing an employee with personal knowledge, the city produced an employee of the Department of Sanitation who was not familiar with the area. Justice Shapiro conditionally granted the motion and required the city to have an employee with personal knowledge of the area appear at a later examination before trial. When this examination took place, the defendant city produced a Department of Sewers employee with the drainage search results. The city claimed there were no employees with

personal knowledge of the area at the time of the accident. Plaintiffs' attorney contended that the court had already granted the motion to strike, and sought to implement this order. The court then signed the order striking the defendant city's answer.

The Supreme Court abused its discretion in striking the answer of the defendant city. Although CPLR 3126 provides that a court may strike a party's pleadings for failure to comply with a discovery order or request, the extreme and drastic sanction of striking a party's pleadings is only justified where the moving party shows conclusively that the failure to disclose was willful, contumacious or due to bad faith. *(Bassett v Bando Sangsa Co.,* 103 AD2d 728 [1st Dept 1984]; *Newman v Chartered New England Corp.,* 63 AD2d 617 [1st Dept 1978].)

In the instant case, plaintiffs have not conclusively shown that the city's actions were willful or in bad faith. The record indicates that the city attempted to comply with plaintiffs' discovery requests. However, no employee with personal knowledge of the area, at the date and time of the incident, existed. Therefore, any employee the city produced would have to rely on the records for the sanitation district where the accident occurred. At the first examination, the city inadvertently produced the record for another district. A search for the proper records was delayed when they were found to have been misplaced while that district office was renovated. In addition, some records were damaged by water. The willful failure to comply with a discovery order assumes "an ability to comply and a decision not to comply." (3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3126.04.) The city showed a good-faith effort to comply with the earlier order, but, due to extenuating circumstances, simply could not carry out this order. Thus, "a showing that it is impossible to make the particular disclosure will bar the imposition of a sanction under CPLR 3126". *(Ferraro v Koncal Assocs.,* 97 AD2d 429 [2d Dept 1983].)

Extreme conduct is required before imposition of the ultimate penalty—striking the answer in this instance. *(Sony Corp. v Savemart, Inc.,* 59 AD2d 676 [1st Dept 1977]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3126:7.) Since such extreme conduct was not present in the instant case, it was error to strike defendant's answer. Concur—Murphy, P. J., Kupferman, Carro, Asch and Rosenberger, JJ.