■ LEAH SIEDEN and Another, Infants, by Their Father and Natural Guardian, IRA SIEDEN, et al., Respondents, v HARRY COPEN et al., Appellants.—Order, Supreme Court, New York County (Robert E. White, J.), entered on or about September 25, 1990, which struck defendants' answer, determined liability in plaintiffs' favor and directed an assessment of damages, unanimously reversed, on the law, the facts and in the exercise of discretion, and the motion to strike defendants' answer is denied, the answer is reinstated and the matter is remitted for further proceedings, with costs.

Plaintiffs instituted this action against the sponsor of the co-

operative apartment, the selling agent, and the management company of a Queens apartment building for personal injuries and loss of consortium sustained as a result of a fire which broke out in plaintiffs' apartment on January 16, 1986. The building became a co-operative in 1982 but plaintiffs remained as statutory tenants. Plaintiffs believed that when the building was going co-operative, the tenants had an engineer's report prepared which contained information concerning defects in the wiring of the building. They also believed that this report was turned over to the landlord of the building.

After defendants purportedly refused to comply with plaintiffs' discovery demands, plaintiffs sought a conference before Judge Santaella. In her order of June 26, 1987, Judge Santaella directed defendants to provide plaintiffs with engineering, architectural and/or building reports prepared by the tenants' committee and/or sponsor. When they did not receive the reports, plaintiffs moved to strike defendants' answer. Judge Santaella directed another conference for October 30, 1987 at which time she again directed defendants to produce the reports. Defendants provided plaintiffs with the sponsor's engineer's report.

Plaintiffs again moved to strike defendants' answer for failure to turn over the engineer's report prepared for the tenants' committee. Defense counsel opposed and stated that the report did not exist. After hearing arguments on the motion on June 8, 1988, Judge Santaella ruled that should a report from the tenants' committee surface in the future, she would strike defendants' answer. Defendants' appeal of the June 8, 1988 order was dismissed as nonappealable (Sieden v Copen, 148 AD2d 394).

Plaintiffs' attorney contacted the attorney representing the tenants' committee in an attempt to locate the engineer's report. However, the attorney informed plaintiffs' counsel that he was unaware of any such report.

Before testimony was taken at the trial which was assigned to Judge White, counsel for plaintiffs learned that an engineer's report had, in fact, been prepared for the tenants' committee. Believing himself bound by Judge Santaella's order, Judge White struck defendants' answer, determined all liability issues in plaintiffs' favor and scheduled an assessment of damages.

While Judge White felt bound to follow Judge Santaella's ruling under the law of the case doctrine, we are not so bound (Martin v City of Cohoes, 37 NY2d 162, rearg denied 37 NY2d

817) and find that the conduct of defendants and their counsel was not such as to warrant striking defendants' answer *(Dauria v City of New York,* 127 AD2d 459; *Bassett v Bando Sangsa Co.,* 103 AD2d 728). It is preferable to have actions decided on their merits. The drastic sanction of striking a party's answer should not be imposed unless the failure to comply with a discovery demand was wilful, contumacious or due to bad faith *(supra; Newman v Chartered New England Corp.,* 63 AD2d 617; *Rodriguez v Sklar,* 56 AD2d 537).

Nothing in the record supports the conclusion that defendants' failure to produce the tenants' committee's engineer's report was wilful, contumacious or due to bad faith. Defendants produced the sponsor's engineer's report in compliance with discovery demands. Plaintiffs' counsel was also aware that defense counsel had attempted to locate the engineer's report prepared for the tenants' committee because counsel was so informed by the attorney hired by the tenants' committee who stated that he did not think such a report had ever been prepared. Plaintiffs, not defendants, were members of the tenants' association and presumably would have been provided with a copy of an engineer's report had one ever been prepared for the tenants' committee. In sum, defendants did not wilfully violate any order of the court and made a good faith effort to locate the requested information.

The record further reveals that defendants have always sought to litigate this matter on the merits, as they maintained that the fire was started by plaintiffs' son rather than by defective wiring. It is also clear that when defense counsel informed the court that the engineer's report did not exist, he was saying that to the best of his knowledge, it did not exist. Plaintiffs now have the report they sought and may make whatever use of it they wish at trial. Since the extreme conduct required before imposing the ultimate penalty, striking the answer, was not present in this case, it was error to strike the answer. *(Dauria v City of New York, supra.)* Concur —Sullivan, J. P., Rosenberger, Wallach, Asch and Smith, JJ.