■ ROSE TOSADO, Respondent, v FULCHAR F. MARTIN, Defendant, and SOFIA BERMUDEZ et al., Appellants.

On January 6, 1986, plaintiff, who was a passenger in an automobile owned by defendant Sofia Bermudez and driven by defendant Justo Bermudez, was injured in a collision with an automobile driven by defendant Martin. Plaintiff commenced the within action but was unable to effect personal service on the defendants Bermudez. On January 4, 1988, the IAS court granted plaintiff's motion to permit substituted service on the Bermudezes' insurer, State Farm Mutual Automobile Insurance Company ("State Farm"). Once service was effected,

counsel retained by State Farm interposed an answer on behalf of the Bermudezes, which included certain affirmative defenses.

Depositions were scheduled, but, as to all the defendants, were repeatedly postponed, until plaintiff moved pursuant to CPLR 3126 to strike the defendants' answers. Counsel for defendant Martin opposed the motion on the ground that counsel had been unable to contact the defendant, but counsel for the defendants Bermudez failed to timely oppose. In an order dated September 7, 1990, the court granted the motion against the Bermudezes on default, but granted it only conditionally against defendant Martin unless he submitted to a deposition within 30 days of trial.

On October 17, 1990, counsel moved to vacate the court's order striking the answer filed on behalf of defendants Bermudez on the ground that her failure to file a timely response to the motion seeking to strike the answer was due to her secretary's misunderstanding of her instruction to obtain an adjournment. She offered proof that she had, in fact, filed a response on September 11, 1990, four days after the court decided the motion and before its order was entered. That response had opposed the original motion on a ground similar to that which had been offered by defendant Martin, *i.e.,* that repeated attempts to contract defendants, including the use of certified mail, had been unsuccessful. On her motion to vacate, counsel also offered evidence of attempts to contact the defendants which were made subsequent to the original motion, including proof that she had hired a private investigator. The court denied the motion to vacate and the within appeal ensued.

We find that the court abused its discretion. There is no question that law office failure may be considered to excuse a delay or default (CPLR 2005). Here, counsel presented evidence demonstrating that she had instructed her secretary to take such steps as were necessary to adjourn the motion so that she would have additional time to respond, and that a miscommunication resulted in the failure of her secretary to do so. While, as noted by the IAS court, by its own rules, an appearance by counsel would have been required in order to obtain an adjournment, this presumably would have been ascertained by the secretary had he or she properly understood counsel's instructions and proceeded to attempt to obtain the adjournment. Although counsel's behavior was far from exemplary and hardly in the best interest of her clients, we find that the unconditional granting of plaintiff's motion

on default was unduly harsh since it deprived these defendants of any opportunity to defend the action.

As to the merits, while, clearly, some sanction was warranted because of the appealing defendants' failure to appear at depositions, we find that, in the absence of any evidence showing that such failure was "willful, contumacious or due to bad faith" *(Bassett v Bando Sangsa Co.,* 103 AD2d 728), the more appropriate remedy was the one imposed on defendant Martin, whose counsel submitted virtually identical evidence in opposition to the original motion to strike the answers of both defendants. We therefore find that the same sanction should be imposed on the defendants Bermudez. Concur—Sullivan, J. P., Milonas, Ellerin, Kassal and Smith, JJ.