■ HERBERT H. POST & COMPANY, Respondent-Appellant, v SIDNEY BITTERMAN, INC., et al., Appellants-Respondents. SIDNEY BITTERMAN, INC., et al., Appellants-Respondents, v HERBERT H. POST & COMPANY et al., Respondents-Appellants, and LAWRENCE KLEIN, Respondent.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered January 29, 1991, which, to the extent appealed from, denied appellant's motion to strike respondents' pleadings, unanimously affirmed, with costs.

It appears that acrimony between the parties has resulted in delays and interruptions of the deposition and document production schedules ordered first by the court and then by a Special Referee appointed by the court to supervise disclosure. The parties sought sanctions against each other pursuant to CPLR 3126, but the court denied such relief, stating that while both sides have caused delays and made unreasonable objections to disclosure, "neither side has yet reached a level of behavior which warrants the striking of a pleading." We cannot say, as appellants would have us do, that the IAS court

thereby abused its discretion. The drastic sanction of striking a party's pleadings is not justified unless that party's failure to comply with a disclosure order or request is clearly willful, contumacious or due to bad faith *(Dauria v City of New York,* 127 AD2d 459). Here, the record shows that while the conduct of respondents' attorneys may have been discourteous (indeed, the same may be said of appellant's attorney), it did not warrant the drastic remedy of striking respondents' pleadings. Concur—Milonas, J. P., Ellerin, Ross, Asch and Kassal, JJ.