■ BRIJIDO TELLES, Respondent, v ABBAS MOHAMOUD et al., Appellants, et al., Defendants. [733 NYS2d 145] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered November 29, 2000, which denied the motion of defendants Abbas Mohamoud and Roberta Abbas to vacate, pursuant to CPLR 5015, the order of the same court (Beverly Cohen, J.), entered October 12, 1999, to the extent such order granted plaintiff's motion to strike such defendants' answer in the event they failed to appear for deposition at a specified place and time, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion to vacate granted and defendants' answer reinstated on the condition that Milton Meshel, Esq., counsel for defendant Abbas Mohamoud, pay $250 to plaintiff within 30 days of service of a copy of this order.

In this action for damages allegedly arising from an assault within a delicatessen, plaintiff obtained an order in October 1999 striking defendants' answer unless they appeared for a deposition. That order was served on Meshel & Weiss, defendants' counsel, on November 10, 1999 but only after counsel had been relieved as attorney for defendants following a motion on notice to plaintiff. The October 1999 order was never served on defendants at any time prior to the December 16, 1999 date scheduled for their deposition. Although Meshel & Weiss resumed representation of defendants later in 2000, the October 1999 order never went into effect. Defendants' failure to attend the December 1999 deposition was not so willful and contumacious as to warrant the drastic sanction of striking their answer and defendants' motion to vacate the order should have been granted (*see, e.g., Tosado v Martin*, 179 AD2d 473). Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Saxe and Buckley, JJ.