Order, Supreme Court, New York County (Barbara Jaffe, J.), entered November 9, 2011, which granted defendant City of New York’s motion for summary judgment dismissing the complaint and all cross claims as against it, and denied plaintiffs’ cross motion to strike the City’s answer, unanimously affirmed, without costs.
The documentation of various complaints made to the Department of Environmental Protection and repairs made by the Department of Transportation do not constitute “written acknowledgment” of the alleged sinkhole condition that caused plaintiff David Hogin’s fall (Administrative Code of City of NY § 7-201 [c] [2]; see Bruni v City of New York, 2 NY3d 319 [2004]). *420 Only one of the documents refers to a sinkhole, but that document does not demonstrate that the City “had knowledge of the condition and the danger it presented” (Bruni at 326-327). Indeed, it states that the inspectors found no such condition. Moreover, the record is devoid of evidence that the City caused or created the condition by an affirmative act of negligence (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Rosenblum v City of New York, 89 AD3d 439 [1st Dept 2011]).
Supreme Court also properly denied plaintiffs’ cross motion. Although the City was recalcitrant or tardy with respect to complying with certain discovery directives, striking its answer would have been too severe a sanction under the circumstances (see e.g. Frye v City of New York, 228 AD2d 182, 182-183 [1st Dept 1996]). Moreover, the documents and testimony plaintiffs sought would not overcome their inability to demonstrate prior written notice or acknowledgment, nor would it show that the City caused or created the condition (see Flores v Cathedral Props. LLC, 101 AD3d 432 [1st Dept 2012]).
We have considered plaintiffs’ remaining arguments and find them unavailing. Concur—Friedman, J.P., DeGrasse, Richter, Abdus-Salaam and Feinman, JJ. [Prior Case History: 2011 NY Slip Op 32974(U).]