■ ORLANDO NIEVES, Respondent, v CITIZENS ADVICE BUREAU JACKSON AVENUE FAMILY RESIDENCE, Appellant, et al., Defendants. [32 NYS3d 507]—

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered October 25, 2013, which denied defendant Citizens Advice Bureau Jackson Avenue Family Residence's (CAB) motion for summary judgment dismissing the complaint, and granted plaintiff's cross motion to vacate a prior conditional preclusion order, unanimously modified, on the law and the facts, to grant the cross motion on condition that plaintiff's lawyer, within 30 days of the date hereof, pay to defendant CAB the sum of $3,000 to compensate it for costs in opposing the cross motion, and as so modified, affirmed, without costs. If these conditions are not complied with within 30 days, the cross motion is denied.

The conditional preclusion order of the Supreme Court, dated January 31, 2013, which required plaintiff to produce certain discovery within 30 days of entry of the order or be precluded from testifying, was self-executing and became absolute when plaintiff failed to produce the discovery or an explanatory affidavit within the stated time frame (*see Casas v Consolidated Edison Co. of N.Y., Inc.*, 116 AD3d 648, 648 [1st Dept 2014]). In order to be entitled to vacatur of the order, plaintiff was required to show a reasonable excuse for his failure to comply with the order and a meritorious claim (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 80 [2010]). Plaintiff met this burden by showing that it was law office failure that caused the default (CPLR 2005; *Tewari v Tsoutsouras*, 75 NY2d 1, 12-13 [1989]), that defendant was not significantly prejudiced, since plaintiff provided the authorizations called for in the order one and a half months past the deadline, and that plaintiff's deposition testimony demonstrates a meritorious claim which raised a triable issue of fact sufficient to defeat summary judgment. The short default was not willful or contumacious. While we are concerned with plaintiff's failure to comply with prior discovery orders, given the strong preference in our law that actions be decided on their merits (*Banner v New York City Hous. Auth.*, 73 AD3d 502, 503 [1st Dept 2010]), rather than precluding plaintiff from testifying at trial, a monetary sanction imposed upon plaintiff's lawyer is appropriate, and we condition the grant of relief accordingly. Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Gische and Gesmer, JJ.