Arpaia v Herbst (2018 NY Slip Op 00348)





Arpaia v Herbst


2018 NY Slip Op 00348


Decided on January 18, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 18, 2018

Manzanet-Daniels, J.P., Mazzarelli, Kapnick, Webber, JJ.


154732/15 5171N 154624/12 5170

[*1] Umberto Arpaia, Plaintiff-Respondent,
v
Michael Herbst, Defendant-Appellant.
Umberto Arpaia, Plaintiff-Appellant,
v
Jonah Engler Silberman, Defendant-Respondent.


Picciano & Scahill, P.C., Bethpage (Andrea E. Ferrucci of counsel), for Michael Herbst, appellant.
Edelman, Krasin & Jaye PLLC, Westbury (Kara M. Rosen of counsel), for Umberto Arpaia, respondent/appellant.
Montfort, Healy, McGuire & Salley, Garden City (Donald S. Neumann, Jr. of counsel), for Jonah Engler Silberman, respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered June 22, 2016, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to renew and/or vacate an order conditionally precluding him from offering any proof in support of his lost earnings and 90/180-day claims against defendant Jonah Engler Silberman, unanimously reversed, on the law and the facts, without costs, to grant the motion to vacate the preclusion order on condition that plaintiff's lawyer, within 30 days of the date hereof, pay to defendant Silberman the sum of $2,500 to compensate him for costs in opposing the motion. Appeal from order, same court (Paul A. Goetz, J.), entered April 24, 2017, which denied defendant Michael Herbst's motion for summary judgment dismissing plaintiff's loss of earnings and 90/180-day claims, unanimously dismissed, without costs, as academic.
In order to be entitled to vacatur of a preclusion order, plaintiff is "required to show a reasonable excuse for his failure to comply with the order and a meritorious claim" (Nieves v Citizens Advice Bur. Jackson Ave. Family Residence, 140 AD3d 566, 567 [1st Dept 2016], citing Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80 [2010]). Here, plaintiff's two-week delay in complying with the conditional preclusion order was excusable because his attorneys reasonably misconstrued the order. Plaintiff and his attorneys believed that the request for payroll documents did not apply to plaintiff's father because he was not "hired after the subject occurrence," and plaintiff had previously submitted his father's W-2 forms. Moreover, defendant was not prejudiced by the delay because plaintiff did eventually provide extensive financial discovery, including the payroll documents, and plaintiff appeared for a deposition, which took place after defendant received the additional financial documents. Plaintiff's deposition testimony, together with the accountant's affidavit, provide a basis for plaintiff's lost earnings claim and thereby demonstrate a meritorious claim (Nieves at 567 [granting the motion to vacate the order of preclusion where default of one and one-half months was caused by law office [*2]failure and the defendant was not prejudiced]).
However, because we are concerned with plaintiff's failure to comply with prior discovery orders, we impose a monetary sanction upon plaintiff and condition the grant of relief accordingly (id. at 567; see also Arbor Realty Funding, LLC v Herrick, Feinstein LLP, 145 AD3d 624, 625 [1st Dept 2016] [noting that in light of the strong public policy in favor of deciding actions on their merits, imposing a monetary sanction on plaintiff for its failure to comply with prior discovery orders was appropriate]).
Defendant Michael Herbst's motion for summary judgment dismissing plaintiff's loss of earnings and 90/180-day claim, which is premised upon his contention that the preclusion order in the action against defendant Silberman prevents plaintiff from offering proof of his claims against Herbst, is rendered academic by our decision vacating the preclusion order.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 18, 2018
CLERK