Willner v S Norsel Realties LLC (2022 NY Slip Op 04111)

Willner v S Norsel Realties LLC

2022 NY Slip Op 04111

Decided on June 23, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 23, 2022

Before: Manzanet-Daniels, J.P., Webber, Gesmer, Scarpulla, Shulman, JJ. 

Index No. 152630/18 Appeal No. 16198 Case No. 2022-00096 

[*1]Orin Willner et al., Plaintiffs-Appellants,
v
S Norsel Realties LLC et al., Defendants-Respondents.

The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for appellant.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered December 14, 2021, which denied plaintiffs' motion to, in effect, vacate dismissal of the action and restore it to the trial calendar, unanimously reversed, on the law, without costs, and the motion granted.
Supreme Court improvidently exercised its discretion in denying plaintiffs' motion to vacate the dismissal, as plaintiffs showed both a reasonable excuse for their default and a meritorious cause of action (see CPLR 2005; Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80 [2010]). Under the circumstances, law office failure constitutes a reasonable excuse for the default, since plaintiffs' counsel was unaware that procedures for conducting compliance conferences had changed during the COVID-19 pandemic and, as a result, inadvertently failed to submit stipulations before a scheduled conference (see Pena v Pinnacle Assoc. II NY LLC, 178 AD3d 407, 407 [1st Dept 2019]; Maldonado v Algil Holding Co., LLC, 68 AD3d 531, 531 [1st Dept 2009]). Furthermore, plaintiffs demonstrated a meritorious cause of action by submitting the complaint, a bill of particulars, and the injured plaintiff's deposition testimony (see Nieves v Citizens Advice Bur. Jackson Ave. Family Residence, 140 AD3d 566, 567 [1st Dept 2016]). Defendants also were not prejudiced by plaintiffs' failure to appear, and indeed, did not oppose the motion to vacate (see id.).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2022