**Healy Constr. Servs., Inc. v Palace Elec. Contrs., Inc.**

2024 NY Slip Op 33935(U)

November 4, 2024

Supreme Court, New York County

Docket Number: Index No. 652818/2021

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. ARLENE P. BLUTH                    PART                    14

_Justice_

------------------------------------------------------------------------------- X

HEALY CONSTRUCTION SERVICES, INC.,

| | |
|---|---|
| INDEX NO. | 652818/2021 |
| MOTION DATE | 10/18/2024 |
| MOTION SEQ. NO. | 001 |

Plaintiff,        Action No. 1
Index# 652656/21

- v -

PALACE ELECTRICAL CONTRACTORS, INC.,

Defendants.

------------------------------------------------------------------------------- X

PALACE ELECTRICAL CONTRACTORS, INC.,

Plaintiff,        Action No. 2
Index# 652818/21

- v -                              **DECISION + ORDER
ON MOTION**

HEALY CONSTRUCTION SERVICES, INC., KATHLEEN
HEALY, 535-545 FEE, LLC, BEST BUY STORES, L.P.,
WESTERN SURETY COMPANY, JOHN AND JANE DOES
1-25

Defendant.

------------------------------------------------------------------------------- X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62

were read on this motion to                     STRIKE PLEADINGS                     .

The motion brought by Healy Construction Services and Kathleen Healy is denied in part

and granted in part.

**Background**

In these two cases, a contractor and electrical subcontractor are suing each other.

Healy Construction Services ("Healy") entered into a written agreement with Palace

Electrical Contractors ("Palace") for Palace to complete electrical work and provide materials for

the construction of a Best Buy retail store. Healy was the general contractor and Palace was a

**652818/2021   PALACE ELECTRICAL CONTRACTORS, INC. vs. HEALY CONSTRUCTION
SERVICES, INC. ET AL
Motion No.  001**

**Page 1 of 7**

1 of 7

[* 1]

subcontractor. Healy brought Action No. 1 against Palace for breach of a written purchase order and subcontractor agreement under Index No. 652656/2021.

Palace filed Action No. 2 under Index No. 652818/2021. Palace's current operative complaint (the Second Amended Complaint) asserts eight causes of action against Healy: foreclosure and recovery against lien discharge bond, breach of contract, trust fund diversion, breach of fiduciary duty, account stated, conversion, quantum meruit, and unjust enrichment.

The actions were joined for all purposes, including discovery and trial as ordered by this Court on September 11, 2024. However, the actions could not be, and were not, consolidated, as the parties would have been on both sides of the single caption. Both index numbers remain active.

In this motion, Healy asserts that Palace failed to comply with multiple so-ordered stipulations. Healy brought this motion only in Action No. 2, but it seeks relief in both actions. Healy seeks to strike Palace's Verified Answer in Action No. 1 and Palace's Second Amended Complaint in Action No. 2 pursuant to CPLR 3126(3). In the alternative, Healy seeks to compel Palace to produce all outstanding discovery materials pursuant to CPLR 3124 within thirty days of the date of an order issued by the Court. Healy also contends that Palace has repeatedly failed to provide documentation relating to its internal communications regarding the subject project, and Palace has not provided any excuse for these omissions. Healy further seeks fees, costs and disbursements related to the instant motion.

The first discovery stipulation, which was so-ordered by this Court on July 17, 2023, called for both parties to serve their responses and objections to any outstanding discovery demands on or before August 25, 2023 and for both parties to produce non-privileged documents responsive to any outstanding discovery demands on or before September 29, 2023 (NYSCEF

**652818/2021   PALACE ELECTRICAL CONTRACTORS, INC. vs. HEALY CONSTRUCTION SERVICES, INC. ET AL**
**Motion No.  001**

**Page 2 of 7**

2 of 7

Doc. No. 22, Index No. 652656/2021). Healy alleges that Palace missed both deadlines, serving its responses and sending the first batch of documents on October 16, 2023. Healy also alleges that Palace did not produce a single email communication responsive to the requests set forth in its discovery demand. Palace does not contend otherwise and simply insists that it sent "24 Excel files responsive to Healy's discovery demand" on October 16, 2023.

The second discovery stipulation was so-ordered by this Court on October 25, 2023 (NYSCEF Doc. No. 24, Index No. 652656/2021). There, Palace agreed that it would respond to Healy's First Set of Interrogatories dated June 9, 2023 by November 7, 2023 (*id.*). It seems this deadline was also missed, since in the third discovery stipulation that was so-ordered by this court on January 3, 2024, Palace again agreed to respond to Healy's First Set of Interrogatories dated June 9, 2023, this time by January 8, 2024 (NYSCEF Doc. No. 27, Index No. 652656/2021). Palace also agreed to produce all documents, including email communications, by January 8, 2024 (*id.*).

Palace points to various documents it produced on November 16, 2023 (NYSCEF Doc. Nos. 47-53, Index No. 652818/2021). Palace also produced twenty-three pages of email communications on March 15, 2024 (NYSCEF Doc. No. 54, Index No. 652818/2021).

This Court so-ordered a fourth discovery stipulation on April 12, 2024 in which Palace agreed to produce two more supplemental batches of discovery documents, including email communications, on a rolling basis (NYSCEF Doc. No. 29, Index No. 652656/2021). The first supplemental production was to be provided by April 26, 2024 and the second by May 10, 2024. Both parties agree that a first supplemental production was completed by April 26, 2024. However, Healy notes that the first supplemental production did not contain any emails. Healy

652818/2021   PALACE ELECTRICAL CONTRACTORS, INC. vs. HEALY CONSTRUCTION
SERVICES, INC. ET AL
Motion No.  001

Page 3 of 7

3 of 7

alleges, and Palace does not contend otherwise, that the second supplemental document production was not completed by May 10, 2024 as required by the so-ordered stipulation.

This Court so-ordered a *fifth* discovery stipulation on June 7, 2024 (NYSCEF Doc. No. 31, Index No. 652656/2021). There, Palace agreed to produce all outstanding documents pursuant to a May 30, 2024 Good Faith Letter from Healy (*id.*). Although no deadline is outlined in the stipulation, a reasonable interpretation is that the outstanding documents would be produced before August 15, 2024, as the parties agreed to have all depositions completed by that date. Palace shows that it sent Healy a third supplemental document production by email on June 9, 2024 (NYSCEF Doc. No. 44, Index No. 652818/2021).

In reply, Healy states that Palace sent fourth, fifth, and sixth supplemental productions between September 9, 2024 and October 14, 2024. Healy also notes in its reply that no internal emails have been provided. Healy provided e-mail communications with Palace's counsel in which Palace's counsel states, on October 14, 2024, that Palace "…has not found any inter-office communications" (NYSCEF Doc. No. 59, Index No. 652818/2021). Healy further notes that only a small number of project-related records have been produced.

**Discussion**

The Court acknowledges that Palace has repeatedly missed the court-ordered discovery deadlines to which it stipulated, and Palace does not offer any excuse for ignoring these deadlines in its opposition papers. However, the Court declines to strike Palace's pleadings at this time. The Court therefore denies the part of Healy's motion which seeks to strike Palace's Verified Answer in Action No. 1 and Palace's Second Amended Complaint in Action No. 2.[1]

---

[1] In any event, as the actions have not been consolidated, and Healy only moved pursuant to Action No. 2, Index No. 652818/2021, the Court could not have granted the relief of striking Palace's Verified Answer in Action No. 1, Index No. 652656/2021. Any future motions should be filed under the index number for the case in which relief is sought (often parties in this situation file almost identical motions, one under each index number).

**652818/2021   PALACE ELECTRICAL CONTRACTORS, INC. vs. HEALY CONSTRUCTION SERVICES, INC. ET AL**
**Motion No.  001**

**Page 4 of 7**

4 of 7

[* 4]

While trial courts have broad authority under CPLR 3126 where a party's failure to comply with a discovery request was willful, contumacious or due to bad faith, "[e]xtreme conduct is required before imposition of the ultimate penalty -- striking the answer in this instance" (*Dauria v New York*, 127 AD2d 459, 460, 511 NYS2d 271 [1st Dept 1987]).

Clearly, although Palace missed deadlines related to document production, Palace has produced some documents and has not wholly ignored its obligations. Therefore, the Court is unable to find that the drastic remedy of striking its pleading is appropriate. Instead, the Court grants the branch of Healy's motion (made in the alternative) to compel Palace's production of the outstanding discovery pursuant to CPLR 3124. Palace shall provide the outstanding discovery items by December 4, 2024.

In the event that Palace is unable to provide the outstanding discovery, it shall provide a *Jackson* affidavit by December 4, 2024 detailing an explanation of where and how the documents sought were maintained, the person or persons responsible for maintaining them, all efforts made to locate them, and the results of these efforts. Considering that this was a contract worth almost a million dollars, and Palace had teams out working on the project, it would be logical that some internal communications exist – even more so because Palace brought its own case against Healy. If there really are no internal communications, then it is only fair that someone in a position of responsibility swear to this fact and explain how it is possible considering the scope of their work on such a large project. If Palace does not produce the *Jackson* affidavit by December 4, 2024, or if the *Jackson* affidavit it produces is deficient, Healy may bring another motion to strike or for other appropriate relief.

Whether or not the documents are produced, Palace must sit for an initial deposition to be held on or before January 10, 2025. The deposition of Healy shall be held on or before January

**652818/2021   PALACE ELECTRICAL CONTRACTORS, INC. vs. HEALY CONSTRUCTION SERVICES, INC. ET AL**
**Motion No.  001**

**Page 5 of 7**

[* 5]

5 of 7

24, 2025, if it has not yet been completed. If Palace does not sit for the deposition by January 10, 2025, or if during the course of the deposition it comes to light that any documents subject to discovery were not produced and do in fact exist, Healy may bring another motion to strike Palace's pleadings and for other appropriate relief.

The Court denies the part of Healy's motion seeking fees, costs, and disbursements related to the instant motion at this time.

This is Palace's final warning. Future noncompliance with the deadlines contained in this Order, absent good cause, may result in the striking of its pleading (*Loeb v Assara NY I L.P.*, 118 AD3d 457, 987 NYS2d 365 [1st Dept 2014] [striking a pleading after explicit warning from the trial court]). Enough is enough.

## Summary

The Court observes that Palace has missed too many deadlines and ignored Court orders. Moreover, it is astonishing that Palace's attorney claims that Palace has no internal communications regarding the subject project. Simply put, that makes little sense and raises suspicions about the extent to which Palace has searched its records for responsive communications. Of course, the Court cannot order a party to produce documents it does not possess; that is why the Court directs the submission of a detailed *Jackson* affidavit. In any event, the record before this Court prevents it from taking the extreme and drastic measure of striking Palace's pleadings this time.

Accordingly, it is hereby

ORDERED that the branch of Healy's motion to strike Palace's pleadings is denied at this time; and it is further

**652818/2021   PALACE ELECTRICAL CONTRACTORS, INC. vs. HEALY CONSTRUCTION SERVICES, INC. ET AL**
**Motion No.  001**

**Page 6 of 7**

6 of 7

[* 6]

ORDERED that the branch of Healy's motion to compel outstanding discovery is granted; and it is further

ORDERED that Palace must respond in full to the outstanding discovery, providing properly Bates stamped documents, on or before December 4, 2024 and, it is further

ORDERED that to the extent that Palace is unable to produce more documents, it shall submit a detailed *Jackson* affidavit on or before December 4, 2024; and it is further

ORDERED all other requested relief is denied.

The next conference that is currently scheduled for January 16, 2025 will be adjourned to January 30, 2025 at 10 a.m. to allow the parties to complete the discovery described above. In accordance with this part's rules and prior orders, the parties are expected to update the Court in anticipation of this conference by January 23, 2025. By January 23, 2025, the parties shall upload 1) a stipulation about discovery signed by all parties, 2) a stipulation of partial agreement that identifies the areas in dispute or, 3) letters explaining why no agreement about discovery could be reached. The Court will then assess whether a conference is necessary (i.e., if the parties agree, then an in-person conference may not be required).

If nothing is uploaded by January 23, 2025 the Court may adjourn the conference or order a note of issue be filed.

| 11/4/2024 | | | | | |
|-----------|---|---|---|---|---|
| **DATE** | | | | **ARLENE P. BLUTH, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**652818/2021   PALACE ELECTRICAL CONTRACTORS, INC. vs. HEALY CONSTRUCTION SERVICES, INC. ET AL**
**Motion No.  001**

**Page 7 of 7**