N.E. v Parkash 242, LLC (2025 NY Slip Op 03162)

N.E. v Parkash 242, LLC

2025 NY Slip Op 03162

Decided on May 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Mendez, Shulman, JJ. 

Index No. 812038/21|Appeal No. 4452-4453|Case No. 2023-05614, 2023-05302,|

[*1]N.E., an infant by her mother and natural guardian, Nekeisha Lawrence, et al., Plaintiffs-Appellants,
v
Parkash 242, LLC, Defendant-Respondent, Prima Properties, Inc., Defendant.

Gjoni Law PC, New York (Gencian Gjoni of counsel), for appellants.
Chartwell Law, White Plains (Gregg S. Scharaga of counsel), for respondent.

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered June 13, 2023, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Parkash 242, LLC under CPLR 3124 to compel plaintiffs to disclose all outstanding discovery by July 7, 2023, and under CPLR 3126 to preclude plaintiffs from presenting evidence at trial in support of their liability and damages claims, unanimously modified, on the law, to deny the motion to preclude plaintiffs from presenting evidence at trial in support of their liability and damages claims, and otherwise affirmed, without costs.
Order, same court and Justice, entered on or about October 5, 2023, which granted Parkash's cross-motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, the cross-motion denied, and the complaint reinstated. Appeal from order, same court and Justice, entered on or about October 5, 2023, which denied plaintiffs' motion to renew and reargue their opposition to Parkash's motions under CPLR 3124 and 3126, unanimously dismissed, without costs, as academic to the extent it sought renewal and as taken from a nonappealable order to the extent it sought to reargue.
Supreme Court improvidently exercised its discretion in precluding plaintiffs from presenting evidence to support their liability and damages claims against Parkash for failing to comply with discovery demands. Although plaintiffs were not fully compliant with certain discovery directives, including providing a supplemental bill of particulars and authorizations, preclusion is too severe a sanction under the circumstances (see Hogin v City of New York, 103 AD3d 419, 420 [1st Dept 2013]). Parkash did not conclusively demonstrate that plaintiffs' delay in providing discovery was willful or in bad faith. The record shows that plaintiffs attempted to comply with their discovery obligations by annexing a response to Parkash's demands to their opposition to Parkash's first motion to compel, and that plaintiffs provided five more responses to Parkash's demands before Parkash filed its second motion to compel (see Dauria v City of New York, 127 AD2d 459, 460 [1st Dept 1987]; Bassett v Bando Sangsa Co., 103 AD2d 728, 728 [1st Dept 1984]). Thus, plaintiffs should be afforded a further opportunity to comply (see Catarine v Beth Israel Med. Ctr., 290 AD2d 213, 215-216 [1st Dept 2002]; Newman v Chartered New England Corp., 63 AD2d 617, 617-618 [1st Dept 1978]). Further, there is a "strong preference in our law that actions be decided on their merits" (Nieves v Citizens Advice Bur. Jackson Ave. Family Residence, 140 AD3d 566, 567 [1st Dept 2016]).
The court's grant of Parkash's cross-motion for summary judgment dismissing the complaint is reversed and the complaint reinstated because the prior preclusion order was the court's sole basis for granting summary judgment.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE [*2]DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2025