■ MAC A. HADDAD et al., Appellants, v SAMUEL SALZMAN et al., Respondents.—In an action for a judgment declaring the defendants' rights to make certain building alterations at their premises and for injunctive relief, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated July 7, 1989, as granted that branch of defendants' motion for a protective order which was to vacate a notice dated March 15, 1989, to permit entry on the defendants' property for the purpose of inspection and survey and denied that branch of the plaintiffs' cross motion to compel disclosure which was to compel the defendants to comply with that notice.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, without costs or disbursements, that branch of the defendants' motion which was for a protective order to vacate the plaintiffs' notice dated March 15, 1989, to permit entry onto the property is denied, and the plaintiffs' cross motion is granted to the limited extent that the plaintiffs' attorney or other agents may inspect the defendants' premises and take measurements, and it is further,

Ordered that the defendants are directed to comply with the plaintiffs' notice to permit the inspection and survey within 20 days after service upon them of a copy of this decision and order with notice of entry and a notice of the time at which the inspection is to occur, or at such other time as the parties may agree; and it is further,

Ordered that plaintiffs shall not personally participate in the inspection.

In this dispute between neighbors over whether the defendants' alterations and additions to their home are in keeping with their building permit and with the applicable zoning laws, the defendants did not contest before the Supreme Court the relevance of the sought-after inspection (see, CPLR 3101 [a]; *Bruno v Dellwood Foods,* 124 AD2d 773). Moreover, nei-

ther the fact that the plaintiffs can view the defendants' premises from their own property nor the fact that plaintiffs may have made an informal pre-action inspection is sufficient to defeat the right afforded the plaintiffs by CPLR 3120 (a) (1) (ii) *(see, Marcus & Sons v Federal Ins. Co.,* 24 AD2d 922). The Supreme Court thus should have allowed the inspection and measurements sought, limiting the plaintiffs' request only by the requirement that the plaintiffs be prohibited from personally participating in the inspection so as to avoid embarrassment, annoyance, and an increase in tension between the litigants *(see,* CPLR 3103 [a]). Kooper, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.