■ UNITED STATES FIRE INSURANCE Co. et al., Appellants, v J.R. GREENE, INC., et al., Defendants, and NORDSON CORPORATION, Respondent. [676 NYS2d 588] —Order, Supreme Court, New York County (Richard Braun, J.), entered December 4, 1997, which, to the extent appealable, denied renewal of a prior order, same court and Justice, entered August 31, 1997, denying

plaintiffs' motion to strike the answer of defendant Nordson Corporation (Nordson) for failure to comply with court-ordered discovery and finding Nordson in compliance with its obligation to produce a customer list, unanimously reversed, on the law, without costs, the motion to renew granted, and, upon renewal, the prior order vacated and plaintiffs' motion to strike granted to the extent of requiring Nordson to comply, within 30 days of service of this order with notice of entry, with the order, same court (Carol Arber, J.), entered April 9, 1997, which required Nordson, *inter alia*, to provide plaintiffs with a customer list, and otherwise denied. Appeal from order, same court and Justice, entered October 28, 1997, unanimously dismissed, without costs, as academic in view of the foregoing.

Plaintiffs' second motion for renewal properly presented a valid ground for such relief based on the additional evidence procured from the deposition of Nordson's vice-president, Sam Dawson, that was directly relevant to the issue at hand as well as a copy of the agreement customarily entered into by Nordson with its distributors.

Moreover, upon review of the evidence presented on renewal, it is clear that plaintiffs established their entitlement to further efforts on Nordson's part to provide them with a customer list containing the names and addresses of end-users of Nordson manufactured electrostatic spray guns. Specifically, the prior findings of the court regarding Nordson's inability to provide a more adequate customer list, which were based on the affidavit submitted by Nordson's assistant general counsel, were drastically undermined by Dawson's testimony that Nordson was generally apprised of the identity of end-users who purchased equipment containing Nordson components from independent manufacturers shortly after shipment of the equipment and that frequently these end-users became Nordson direct-sales customers for spare parts, that Nordson was able to produce a list of its own direct-sales end-users' names and addresses for the subject equipment and that Nordson was entitled to obtain from its distributors copies of their customer lists.

Under these circumstances, we find that renewal was warranted and that, upon renewal, Nordson should be required to extend its efforts to comply with the prior order, entered April 9, 1997, that had required it to produce a list of all purchasers of its electrostatic system from 1979 to 1991 including end-users and contact information. Time to comply with that order should be extended to 30 days from service of this order with notice of entry. Concur—Milonas, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.