■ ERNEST ISKOWITZ et al., Respondents-Appellants, v FORKOSH CONSTRUCTION CO., INC., et al., Appellants-Respondents. [703 NYS2d 20] —Order, Supreme Court, New York County (Emily Goodman, J.), entered May 19, 1999, denying defendants' motion pursuant to CPLR 3120 (a) (1) (ii) to inspect the premises covered by the disputed contract and denying plaintiffs' cross-motion to the extent that they sought to strike defendants' answer and impose sanctions, unanimously modified, on the law, to grant defendants' CPLR 3120 (a) (1) (ii) motion, and otherwise affirmed, without costs.

In August 1993, Forkosh Construction Co., Inc. and its president, Alex Forkosh, entered into a contract to renovate the house owned by plaintiffs, Mr. and Mrs. Ernest Iskowitz, for a contract price of $250,000. Due to a disagreement between the parties, defendants discontinued work in June 1994 and the project was completed by another contractor. Defendants claim that they left at plaintiffs' request, whereas plaintiffs now allege that defendants breached the contract by refusing to finish the job.

According to plaintiffs, the project cost $430,000 to complete. Plaintiffs seek $180,000 for defendants' alleged cost overruns and deficient work. Defendants argue that the cost of the renovation exceeded the contract price, only because plaintiffs demanded additions and alterations to the original floor plans, and also substituted more expensive custom materials for the standard ones originally selected.

There is no dispute that the finished house differs from the plans in some respects. Rather, the conflict centers on what the changes are, how they contributed to the cost increase, and whether the additional expenses stem from defendants' allegedly deficient work or from the plaintiffs' own choice to alter the original plans. Since plaintiffs never had "as-built" drawings prepared after the job was completed, defendants claimed they could not gather admissible evidence on these issues without conducting an inspection of the premises. Plaintiffs opposed defendants' motion for inspection, arguing that because the work performed by their new contractor concededly did not conform to defendants' original floor plans, a comparison between the plans and the current state of the building would be irrelevant. The IAS Court denied the motion without discussion.

CPLR 3120 (a) (1) (ii) states that after commencement of an action, a party may serve another party with notice "to permit entry upon designated land or other property in the possession, custody or control of the party served for the purpose of inspecting, measuring, surveying, sampling, testing, photographing or recording by motion pictures or otherwise the property or any specifically designated object or operation thereon." Such motions are routinely granted when a central issue in the case is the condition of the real property under inspection (e.g., *Haddad v Salzman*, 173 AD2d 522 [inspection required where plaintiffs claimed defendants' alterations of their home violated zoning laws]; *County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.*, 111 AD2d 508, 510 [in suit alleging negligent design and construction of building, defendants could inspect building]).

Plaintiffs have no reasonable grounds to block the inspection that defendants seek. Although plaintiffs admit having chosen to deviate from the floor plans, they also claim that some aberrations are defendants' fault. Plaintiffs' relevancy argument is a double-edged sword. If the later alterations are so extensive that there is no way to evaluate whether defendants performed their portion of the work competently and within budget, plaintiffs themselves will be unable to muster sufficient evidence to succeed at trial. Accordingly, we modify the IAS Court's order to grant defendants' motion pursuant to CPLR 3120 (a) (1) (ii).

The IAS Court did not improvidently exercise its discretion in denying plaintiffs' cross-motion to impose sanctions and to strike defendants' answer for discovery noncompliance. In light of this State's policy preference for deciding actions on their merits, such a drastic sanction should only be imposed when the party's conduct is willful, contumacious or in bad faith (*Corsini v U-Haul Intl.*, 212 AD2d 288, *lv dismissed* 87 NY2d 964). While defendants could have been more expeditious in their compliance efforts, the extreme penalty of striking the pleadings is not warranted here, particularly absent a showing of prejudice to plaintiffs (*Thomas v McGuire Serv. Corp.*, 251 AD2d 148). Concur—Rosenberger, J. P., Williams, Lerner, Saxe and Buckley, JJ.