■ UNITED STATES FIRE INSURANCE Co., et al., Appellants, v J.R. GREENE, INC., et al., Defendants, and NORDSON CORPORATION, Respondent. [707 NYS2d 429] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered December 10, 1999, which denied plaintiffs' motion to strike defendant Nordson Corporation's answer, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted, the answer stricken and the matter remanded for an inquiry as to damages.

Plaintiff Jefsteel Business Equipment Corporation and its insurer, United States Fire Insurance Co., instituted this action to recover for fire damage alleged to have been caused by a defect in the design or manufacture of an electrostatic spray paint gun (model AN-8). Defendant Nordson Corporation sold the spray gun mostly through distributors, but also made sales directly to end users and to other manufacturers for incorporation into their own products. At issue on appeal is defendant's compliance with a series of discovery orders requiring it to furnish plaintiffs with a list of all end users of which the company was aware, irrespective of how the particular user acquired the equipment.

Defendant first attempted to comply with a 1995 order to

provide a list of customers by turning over a computer-generated list comprising 2,160 pages. Plaintiffs' ensuing motion to strike Nordson's answer for failure to comply fully with the order resulted in two further orders, issued on April 8 and 9, 1997, directing defendant to produce, within 30 days, a complete list of customers who purchased an electrostatic system from the company from 1979 to 1991, including any information concerning equipment end-users or contact information. Following Nordson's failure to turn over a complete listing, plaintiffs again moved to strike the answer, which was denied. On appeal, this Court reversed (253 AD2d 399), rejecting Supreme Court's findings that defendant "demonstrated compliance" by providing a customer list to plaintiffs, and stated (at 400) that "Nordson should be required to extend its efforts to comply with the prior order, entered April 9, 1997, that had required it to produce a list of all purchasers of its electrostatic system from 1979 to 1991 including end-users and contact information." We rejected Supreme Court's prior finding "regarding Nordson's inability to provide a more adequate customer list," noting that its vice president had testified that "Nordson was generally apprised of the identity of end-users who * * * frequently * * * became Nordson direct-sales customers for spare parts" (at 400). The executive had testified that the corporation "was able to produce a list of its own direct-sales end-users' names and addresses" and was entitled to the customer lists of its distributors (at 400). This Court disposed of the appeal by granting the motion to the extent of mandating compliance with the April 9, 1997 order to produce a customer list and reciting that "[t]ime to comply with that order should be extended to 30 days from service of this order with notice of entry" (at 400).

It is apparent that defendant "has adopted 'a pattern of partially complying' with demands for disclosure, 'only after being directed to do so by court order', resulting in a delay in the completion of discovery" over a period of several years (*La Valle v City of N. Y. Dept. of Sanitation*, 240 AD2d 639, 639-640, quoting *Cauley v Long Is. R. R. Co.*, 234 AD2d 252). Defendant has had ample opportunity to furnish a list of end users, and numerous warnings that failure to comply with the directive could result in the striking of its answer. Under circumstances that evince the willful frustration of plaintiffs' discovery efforts, we regard it as an improvident exercise of discretion to have denied so much of plaintiffs' motion as sought to strike defendant's answer (*supra*; *see also, Harris v City of New York*, 211 AD2d 663, 664). Concur—Tom, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.