■ AHMED HASSAN et al., Appellants, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al.,

Respondents. [730 NYS2d 286] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about February 3, 2000, which granted the municipal defendants' motion pursuant to CPLR 3126 to dismiss the complaint as against them, unanimously reversed, on the law, without costs, the motion denied and the matter remanded for further proceedings. Appeal from order, same court and Justice, entered June 20, 2000, which insofar as appealable, denied plaintiffs' motion for renewal, unanimously dismissed, without costs, as academic in light of the foregoing.

On November 13, 1993, plaintiff Ahmed Hassan sustained severe personal injuries when the automobile he was driving was struck from the rear by a bus owned and operated by the moving defendants. Thereafter, plaintiffs commenced an action against defendants by service of a summons and verified complaint dated January 4, 1995. On or about January 21, 1995, defendants served their answer with a demand for a bill of particulars. Almost five years later, on or about October 22, 1999, plaintiffs served defendants with their bill of particulars. By letter dated November 1, 1999, defendants' counsel notified plaintiffs that their bill of particulars was rejected due to its lateness and, by motion dated November 6, 1999, defendants, citing plaintiffs' delay, moved to preclude plaintiffs from offering any evidence or testimony at trial pursuant to CPLR 3042, and for the dismissal of plaintiffs' complaint pursuant to CPLR 3126.

The IAS court granted defendants' motion and dismissed the complaint on the ground that the request for a bill of particulars was not answered for nearly five years without asking defendants' attorney for an extension of time. Plaintiffs' subsequent motion for renewal and reargument was also denied.

CPLR 3126 provides various sanctions for failing to comply with outstanding discovery requests or court-ordered discovery obligations, the most drastic of which is dismissal of a party's pleadings (CPLR 3126 [3]). The striking of a party's pleadings should not, however, be imposed except in instances where the party seeking disclosure demonstrates conclusively that the failure to disclose was wilful, contumacious or due to bad faith (*Dauria v City of New York*, 127 AD2d 459, 460; *see also, Colucci v Jennifer Convertibles*, 283 AD2d 224).

Although plaintiffs' bill of particulars was concededly served nearly five years after defendants' demand, defendants' rejection of such bill was not on grounds of inadequacy or nonresponsiveness, but simply because of lateness. The language of CPLR 3042 does not in any way support such a rejection, espe-

cially where, as here, defendants never moved to compel plaintiffs' service of a bill of particulars prior to rejecting same. Additionally, there is no evidence that defendants served plaintiffs with repeated demands for such a bill. Indeed, it appears that there was no motion practice at all prior to defendants' motion to preclude and dismiss and there is no evidence of plaintiffs' failure or repeated failures to comply with outstanding court orders regarding discovery (*compare, e.g., Hudson View II Assocs. v Miller*, 282 AD2d 345). Finally, to the extent that defendants contend that they would be prejudiced if this matter were allowed to proceed, such argument is unpersuasive in light of the fact that a hearing pursuant to General Municipal Law § 50-h was held on July 14, 1994, during which defendants' counsel questioned Mr. Hassan about how the accident occurred.

Unlike *Alomar v Manhattan & Bronx Surface Tr. Operating Auth.* (244 AD2d 181), which was relied upon by the motion court, here counsel for plaintiffs offered a reasonable excuse for the inordinate delay and the merit of plaintiffs' claim was apparently conceded by counsel for defendants. Therefore, absent any showing that plaintiffs' tardiness was wilful, contumacious or in bad faith, lateness alone was insufficient to warrant the harsh remedy of dismissal and, absent any discernible prejudice to defendants, their motion should have been denied. Concur—Tom, J. P., Andrias, Ellerin, Wallach and Friedman, JJ.