■ DENISE ROSEN, Appellant, v JOSE CORVALON, M.D., Respondent, et al., Defendants. (And a Third-Party Action.) [766 NYS2d 555] —Orders, Supreme Court, New York County (Stanley Sklar, J.), entered April 14, 2003, which, to the extent appealed from as limited by the brief, denied plaintiff's motion to strike the answer of defendant Jose Corvalon, M.D., unanimously affirmed, without costs.

The refusal to strike defendant's answer for failure to appear at scheduled depositions was within the court's broad discretion in the supervision of disclosure (*see Nitz v Prudential-Bache Sec.*, 102 AD2d 914, 915 [1984]). As we have noted, "a court should not resort to striking an answer for failure to comply with discovery directives unless noncompliance is clearly established to be both deliberate and contumacious * * *. Moreover, even where the proffered excuse is less than compelling, there is a strong preference in our law that matters be decided on their merits" (*Catarine v Beth Israel Med. Ctr.*, 290 AD2d 213, 215 [2002]; *cf. United States Fire Ins. Co. v J.R. Greene, Inc.*, 272 AD2d 148, 149 [2000] ["willful frustration of plaintiffs' discovery efforts"]). Defendant provided a reasonable excuse for his failure to appear (*see Palmenta v Columbia Univ.*, 266 AD2d 90, 91 [1999]). While defendant's compliance could have been more timely, his deposition was later completed, and plaintiff has not demonstrated that prejudice was sustained as a result of the delay (*see Iskowitz v Forkosh Constr. Co.*, 269 AD2d 131, 133 [2000]). Concur—Andrias, J.P., Saxe, Williams, Marlow and Gonzalez, JJ.