■ LAMONT BANNER, an Infant, by His Mother and Natural Guardian, JACQUELINE BANNER, et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [900 NYS2d 857]—

Order, Supreme Court, New York County (Marcy S. Fried-

man, J.), entered November 27, 2009, which, inter alia, denied plaintiffs' motion to strike defendant's answer for noncompliance with disclosure orders, on condition that defendant produce an employee for deposition by a certain date, unanimously affirmed, without costs.

The drastic sanction of striking a pleading is inappropriate absent a clear showing that the failure to comply with discovery directives was willful, contumacious or the result of bad faith (*see Delgado v City of New York*, 47 AD3d 550 [2008]; *Cespedes v Mike & Jac Trucking Corp.*, 305 AD2d 222 [2003]). "[E]ven [in cases] where the proffered excuse is less than compelling, there is a strong preference in our law that matters be decided on their merits" (*Catarine v Beth Israel Med. Ctr.*, 290 AD2d 213, 215 [2002]).

The record supports the motion court's finding that defendant demonstrated that it ultimately attempted to comply with its disclosure obligations and that its conduct "was not wilful or contumacious, but rather that it reflected delays which regrettably are typical of litigations with the Housing Authority in this Court." The refusal to strike defendant's answer was within the court's broad discretion in the supervision of disclosure (*Rosen v Corvalon*, 309 AD2d 723 [2003]). Concur—Tom, J.P., Sweeny, Moskowitz, DeGrasse and Manzanet-Daniels, JJ.