■ MICHAEL McGLONE et al., Appellants, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents, et al., Defendant. [934 NYS2d 161]—

Although defendants did not timely comply with prior court-ordered deadlines, the record supports the motion court's determination that they substantially complied with their disclosure obligations and that any failure to comply was not wilful, contumacious or in bad faith (*see Perez v New York City Tr. Auth.*, 73 AD3d 529, 530 [2010]; *Banner v New York City Hous. Auth.*, 73 AD3d 502, 503 [2010]).

The court also properly directed plaintiff to provide authorizations for all medical records unrestricted by date as sought by defendants in prior discovery requests. Plaintiff averred in his bill of particulars that the injuries he allegedly sustained as a result of the subject accident aggravated or exacerbated underlying conditions that were asymptomatic before the accident, and that he was disabled as a result. In light of his averments, plaintiff voluntarily placed his physical condition in issue; therefore, defendants are entitled to discovery to determine the extent, if any, that plaintiff's claimed injuries "are attributable to accidents other than the one at issue here" (*Rega v Avon Prods., Inc.*, 49 AD3d 329, 330 [2008]; *cf. Noble v Ackerman*, 216 AD2d 140 [1995]). Concur—Gonzalez, P.J., Friedman, Moskowitz, Acosta and Richter, JJ.

---

Motion to strike portions of respondents' brief referring to matters dehors the record granted.