■ ANNA PEZHMAN, Appellant, v DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants. [944 NYS2d 128]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered December 14, 2011, which denied plaintiff's motion to strike defendants' answer, unanimously affirmed, without costs.

Plaintiff failed to "show[ ] conclusively that [defendants'] failure to disclose was willful, contumacious or due to bad faith" (*Dauria v City of New York*, 127 AD2d 459, 460 [1987]). For example, defendants are not in possession of nonparty Shirley Hood's mentoring logs, nor can defendants control whether Hood, who is no longer employed by defendant Department of Education, contacts them. "The willful failure to comply with a discovery order assumes 'an ability to comply and a decision not to comply,' " and thus " 'a showing that it is impossible to make the particular disclosure will bar the imposition of a sanction under CPLR 3126' " (*id.*). Similarly, defendants offered a reasonable explanation for not having included the name of nonparty Karen Glazer in their response to one of plaintiff's interrogatories.

Nonparty Louissa Albritton's destruction of her logs for the 2003-2004 school year does not warrant the striking of defendants' answer; plaintiff failed to show that, at the time Albritton destroyed her logs (which, it appears, was before plaintiff filed the instant action), defendants knew that the logs were "needed in order to establish plaintiff's cause of action" (*Mohammed v Command Sec. Corp.*, 83 AD3d 605 [2011], *lv denied* 17 NY3d 708 [2011]).

It is true that defendants disobeyed the court's February 17, 2011 order by failing to bring any documents to the deposition of defendant Jackquelyn H. Young. However, "[e]xtreme conduct is required before imposition of the ultimate penalty—striking

the answer" (*Dauria v City of New York*, 127 AD2d 459, 460 [1987]). Defendants' failure to bring another copy of documents they had previously produced does not constitute extreme conduct.

Defendants' alleged harassment of plaintiff is not a ground for striking their answer; rather, striking an answer is an appropriate remedy where a party refuses to obey a disclosure order or wilfully fails to disclose information which the court finds should have been disclosed (CPLR 3126).

Defendants failed to cross appeal from the motion court's sub silentio denial of their de facto cross motion to enjoin plaintiff from filing further motions. Therefore, we cannot grant the relief they request (*see Hecht v City of New York*, 60 NY2d 57, 60 [1983]). Concur—Tom, J.P., Andrias, DeGrasse and Abdus-Salaam, JJ.