**Suero-Che v 1407 Broadway, LLC**

2024 NY Slip Op 31357(U)

April 18, 2024

Supreme Court, New York County

Docket Number: Index No. 150825/2020

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 14

-------------------------------------------------------------------------------X

AUDIS M. SUERO-CHE,

                                Plaintiff,

                    - v -

1407 BROADWAY, LLC,1407 BROADWAY REAL
ESTATE, LLC,SRI ELEVEN 1407 BROADWAY
OPERATORS, LLC,SOLIL MANAGEMENT, LLC,THE
ESTATE OF SOL GOLDMAN, SHORENSTEIN
PROPERTIES, LLC,THE SWEET CONSTRUCTION
GROUP, LTD, HENICK LANE INCORPORATED,
ARSENAL SCAFFOLD INC.,

                                Defendant.

-------------------------------------------------------------------------------X

THE SWEET CONSTRUCTION GROUP, LTD

                                Plaintiff,

                   -against-

ARSENAL SCAFFOLD INC.

                                Defendant.

-------------------------------------------------------------------------------X

**INDEX NO.**     150825/2020

**MOTION DATE**     04/15/2024

**MOTION SEQ. NO.**     003

**DECISION + ORDER ON
MOTION**

Third-Party
Index No.  595727/2020

HON. ARLENE P. BLUTH:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 134, 135, 136, 137, 138, 139, 140, 141, 143, 144, 147, 148, 149, 150, 151, 152, 153

were read on this motion to/for                 STRIKE PLEADINGS           .

       The motion by plaintiff to strike defendants' answers is granted in part and denied in part.

**Background**

       In this action for personal injury, plaintiff claims he was struck by falling debris while working at a construction site. Plaintiff alleges he was on the 12th floor of a building located at 1407 Broadway in Manhattan when he was hit by the debris, resulting in serious injuries to his

[* 1]

upper back and spine. Plaintiff subsequently filed this action for negligence and Labor Law § 200, § 240, § 241, and § 241 (a) violations.

During the ongoing litigation process, the parties tried repeatedly to schedule depositions of the defendants. The parties agreed to conduct depositions in caption order, and upon the near completion of plaintiff's deposition, a Status Conference Order directed the parties to complete defendants' depositions by September 30, 2022. No depositions of the defendants went forward. Following this, a second Status Conference Order dated December 2, 2022, directed that all defendants to appear for a deposition by March 15, 2023. Again, no depositions were held.[1] The Court then issued a third Order directing 1407 Broadway LLC, SRI Eleven 1407 Broadway Operators, LLC, Solil Management LLC,  The Estate Of Sol Goldman, Shorenstein Properties, LLC, The Sweet Construction Group Ltd. ("1407 Defendants") to appear for a deposition on July 12, 2023, Henick Lane Incorporated ("Henick") to appear for a deposition on July 19, 2023, and Arsenal Scaffold Inc. ("Arsenal") to appear for a deposition on August 2, 2023. Plaintiff contends it sent a good faith email to the defendants to confirm the depositions but received no response. A second good faith email received a response only from Arsenal, who was not ready to proceed as its counsel was undergoing dissolution of its firm. Finally, a third good faith email resulted in defendants refusing to proceed with depositions because a mediation was scheduled on August 10, 2023.

Two days before the scheduled mediation, the Court issued a fourth Order directing new deposition dates for December 2023. Subsequently, 1407 Defendants cancelled the August mediation. Plaintiff sent good faith emails to all of the defendants to confirm the upcoming December depositions, but Arsenal was the only one to respond, suggesting that 1407

---

[1] In each of these instances, the facts do not clarify whether or not depositions were scheduled and the parties failed to appear or if no scheduling of depositions ever occurred.

[* 2]

Defendants' deposition be moved by two days to December 12th instead of December 10th. 1407 Defendants did not respond to this email chain and instead cancelled the deposition. Accordingly, no depositions were taken as the remaining parties would not proceed without first taking 1407 Defendants' deposition.

The parties scheduled depositions of 1407 Defendants for February 2024, but these did not go forward because 1407 Defendants were still seeking a suitable witness to be deposed. Finally, on March 25, 2024, 1407 Broadway LLC appeared for a deposition, but the witness had no information to provide. Henick and Arsenal continued to refuse to appear for a deposition before 1407 Defendants. The last deposition of 1407 Defendants, scheduled on April 10, 2024, was cancelled due to a family emergency.

Plaintiff now moves to strike all of the defendants' answers. According to plaintiff, defendants have willfully failed to comply with discovery directives and have stonewalled discovery by failing to appear for depositions. Plaintiff argues that defendants have ignored four court orders directing them to appear for depositions, suggesting they are willfully obstructing the discovery process.

Defendant Arsenal contends that in the summer of 2023, its counsel was undergoing a firm dissolution, but was ready to proceed with depositions, in caption order, on each of the scheduled dates. Arsenal argues that the parties agreed to pause depositions in the lead up to the August mediation. Further, Arsenal maintains that the parties also agreed to conduct depositions in caption order, and requiring the other defendants to appear for depositions before the 1407 Defendants is inconsistent with this agreement. According to Arsenal, there is no evidence it has acted in a willful, deliberate, and contumacious manner so as to merit its answer being stricken.

1407 Defendants contend that plaintiff misrepresents the nature of the discovery dispute, arguing that the parties were engaged in settlement negotiations and mediation, resulting in the delay. Additionally, 1407 Defendants assert that a willful and contumacious failure means an "outright expressed intention not to participate in discovery," which is not the case here (NYSCEF Doc. No. 152 at 4). 1407 Defendants argue that plaintiff has not met its burden to demonstrate defendants have acted in accordance with this standard. Moreover, 1407 Defendants contend that plaintiff has not requested anymore discovery conferences to resolve this issue.

Henick incorporates Arsenal's arguments and adds that is has been ready and willing to participate in depositions, but it is the eighth named defendant and only one other defendant has been deposed at this time.

**Discussion**

Failure to comply with discovery, particularly after a court order has been issued, may constitute the "dilatory and obstructive, and thus contumacious, conduct warranting the striking of [the answer]" (*Kutner v Feiden, Dweck & Sladkus*, 223AD2d 488, 489, 637 N.Y.S.2d 15 [1st Dept 1996]. "The striking of a party's pleadings should not, however, be imposed except in instances where the party seeking disclosure demonstrates conclusively that the failure to disclose was willful, contumacious or due in bad faith" (*Hassan v Manhattan & Bronx Surface Tr. Operating Auth.*, 286 AD2d 303, 304, 730 N.Y.S.2d 286 [1st Dept 2001]). The determination to strike a pleading lies "within the court's broad discretion" (*Banner v New York City Hous. Auth.*, 73 AD3d 502, 503, 900 N.Y.S.2d 857 [1st Dept 2010]).

*1407 Defendants*

The Court grants plaintiff's motion with respect to 1407 Defendants.

1407 Defendants do not offer any reasonable explanation for its noncompliance with the orders. While the parties were attempting to engage in mediation after the third order was issued, 1407 Defendants cancelled the mediation and then failed to communicate with their adversaries regarding the scheduled depositions. Significantly, "the willful failure to comply with a discovery order assumes an ability to comply and a decision not to comply" (*Dauria v New York*, 127 AD2d 459, 460, 511 NYS2d 271 [1st Dept 1987] [internal quotations and citations omitted]). Instances in which a court declines to strike an answer involve reasonable excuses on behalf of the noncomplying party (*see Pezhman v Dept. of Educ. of the City of New York*, 95 AD3d 625, 944 NYS2d 128 [1st Dept 2012] [finding that defendant did not have control of a nonparty ex-employee to produce requested documents, thus striking its answer was inappropriate]; *Delgado v City of New York* 47 AD3d 550, 850 NYS2d 401 [1st Dept 2008] [finding that defendant had a reasonable excuse for not producing retired officers for depositions, thus striking defendant's answer was unwarranted]).

None of the parties demonstrated that they seriously pursued scheduling depositions in accordance with the first two orders from 2022. The Court cannot speculate as to why depositions did not take place at all in 2022—they may not have been noticed or maybe there was no communication between the parties. Regardless, these two orders were ignored with virtually no explanation given. As to the third discovery order, dated April 19, 2023, all defendants agree that the parties were attempting to engage in mediation at the time the depositions were supposed to go forward.

The fourth discovery order, however, 1407 Defendants displayed a much more egregious disregard for Court orders. In August 2023, the Court ordered a December deposition date. Plaintiff followed up regarding these deposition dates multiple times (NYSCEF Doc. No. 140).

[* 5]

1407 Defendants knew that if their deposition did not go forward, no other defendant would proceed, as they all agreed to go by caption order. 1407 Defendants did not respond to communications confirming any scheduling, so that when Arsenal requested that they move the date forward, there was no objection from any party (*id*. at 9). Suddenly, the day before the parties were set to take 1407 Defendants' deposition, they could no longer appear. 1407 Defendants had months and an email chain circulating for weeks prior that offered them an opportunity to address any concerns with the deposition schedule. They never did. Moreover, after the December deposition dates passed and the parties attempted to schedule depositions without court intervention, 1407 Defendants claimed they were still seeking a witness that could appear for a deposition. This was nearly two years after depositions first started. There is no excuse for such a delay.

When 1407 Defendants finally produced a witness for a deposition, this person had no knowledge of the case. 1407 Defendants have wasted the time and resources of their colleagues and the Court. This Court acknowledges that the last scheduled deposition did not go forward due to a claimed family emergency, but there were years and multiple orders before this emergency that were ignored without explanation, and that is wholly unacceptable. 1407 Defendants displayed a severe indifference to the discovery process, nonchalance in their communications with their colleagues and treated court orders as suggestions. They were unprepared even years after the parties first attempted to schedule depositions. While other defendants demonstrated a readiness to proceed with depositions, 1407 Defendants have obstructed the case by failing to appear on multiple occasions. Such obstruction and disregard for the litigation process cannot be tolerated.

[* 6]

*Henick and Arsenal*

The Court denies the motion with respect to Henick and Arsenal. The parties repeatedly stated they would proceed with depositions in caption order, and plaintiff does not dispute this agreement. The record shows communication between the parties and a willingness to participate in the discovery process (NYSCEF Doc. Nos. 140, 151). Caption order requires that the parties show up in the order they are listed and does not mean that someone else goes in lieu of the first named party. The record shows that Henick and Arsenal repeatedly consented to appearing for the initial deposition of 1407 Defendants; it does not show a willful and contumacious failure on behalf of Henick and Arsenal to proceed with the discovery process. Punishing the remaining defendants who demonstrated preparedness and adequate communication is unwarranted at this time. Depositions of the remaining defendants shall follow and be completed on or before June 7, 2024. It does not have to be in caption order and whoever does not appear by the deadline may suffer penalties. The best practice may be to schedule it earlier rather than later because this deadline will be enforced.

Accordingly, it is hereby

ORDERED that the motion to strike defendants' answers is granted only as to 1407 Broadway LLC, SRI Eleven 1407 Broadway Operators, LLC, Solil Management LLC, The Estate Of Sol Goldman, Shorenstein Properties, LLC, The Sweet Construction Group Ltd. ("1407 Defendants") and their answers, cross-claims, and affirmative defenses are stricken, and

[* 7]

there shall be an inquest at time of trial or, if the matter is resolved with respect to the remaining parties prior to trial, then plaintiff shall file a note of issue for an inquest; and it is further

ORDERED that Henick and Arsenal must each produce someone with knowledge and appear for a deposition on or before June 7, 2024. It does not have to be in caption order and whoever fails to timely produce a witness with knowledge may suffer appropriate penalties.

**4/18/2024**
**DATE**

**ARLENE P. BLUTH, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 8]