| |
|---|
| **Schwartz v Port Imperial Ferry Corp** |
| 2024 NY Slip Op 31693(U) |
| May 14, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157203/2018 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 14

-------------------------------------------------------------------------------X

TODD SCHWARTZ,

                                    Plaintiff,

                        - v -

PORT IMPERIAL FERRY CORP D/B/A NY WATERWAY,
ROMULUS DEVELOPMENT CORP.,

                                    Defendant.

-------------------------------------------------------------------------------X

PORT IMPERIAL FERRY CORP D/B/A NY WATERWAY,
ROMULUS DEVELOPMENT CORP.

                                    Plaintiff,

                        -against-

THE CITY OF NEW YORK

                                    Defendant.
-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 157203/2018 |
| **MOTION DATE** | 04/29/2024 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595249/2022

HON. ARLENE P. BLUTH:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 124, 125, 126, 127, 128, 130

were read on this motion to/for                  STRIKE PLEADINGS                  .

The motion by third-party plaintiffs to strike third-party defendant's answer is denied and

the cross-motion by third-party defendant to transfer this case to the City Part is granted.

**Background**

In this negligence action, plaintiff alleges that uneven asphalt-type substance (called

macadam) at a ferry terminal in 2015 caused him to trip and fall. Defendants/third-party

plaintiffs Port Imperial Ferry Corporation and Romulus Development Corporation contracted

with third-party defendant City of New York ("the City") to lease the ferry terminal in 2002.

**157203/2018   SCHWARTZ, TODD vs. PORT IMPERIAL FERRY CORP**
  **Motion No.  003**

**Page 1 of 5**

Third-party plaintiffs impleaded the City on the ground that it was the City's responsibility to maintain the broken asphalt/macadam because the City owned the terminal. In June 2023, third-party plaintiffs served discovery demands on the City, but no responses were ever received.

Third-party plaintiffs now move to strike the City's pleadings and contend that they have unsuccessfully attempted to obtain discovery from the City. Third-party plaintiffs also move to compel the City to respond to their discovery demands and preclude the City from using any unproduced documents at trial. According to third-party plaintiffs, these demands date back to June 29, 2023. Third-party plaintiffs point to a discovery order dated February 14, 2024, that required the City to respond to discovery demands (dated April 12, 2023 and October 11, 2023) by February 29, 2024. Third-party plaintiffs included this order as proof that the City has failed to follow this Court's directives.

The City cross-moves to transfer this case to the Differentiated Case Management Part ("City Part") responsible for handling matters that involve the City, otherwise known as a City Part. The City argues that all cases must be transferred to the City Part when the City is added as a party at any time in the litigation process. The City also argues that third-party plaintiffs' motion should be denied because they failed to supply an affirmation of a good faith attempt to resolve the alleged discovery dispute. Finally, the City asserts that it provided discovery responses on April 14, 2024 in an attempt to resolve this matter.

In reply, third-party plaintiffs contend that they have repeatedly attempted to contact the City for responses to demands that were served on June 29, 2023. Third-party plaintiffs maintain that the City's responses were incomplete and missing documents or responses for at least ten of third-party plaintiffs' demands.

**157203/2018   SCHWARTZ, TODD vs. PORT IMPERIAL FERRY CORP**
**Motion No.  003**

**Page 2 of 5**

2 of 5

[* 2]

## Discussion

There are two issues here. The first issue is that the City has not responded to discovery demands, even though it summarily claims it has. This, of course, has had the effect of delaying the case and wasting both attorney and court resources (such as forcing this motion to be made instead of just doing what it is required to do in the first place). The second issue is that the City answered in September of 2022 – more than a year and a half ago – and did not quickly seek to transfer this case to a City Part until making the cross-motion in response to the motion to strike its answer for ignoring its discovery obligations.

## Transfer to a City Part

Under Court protocol, "if in a non-City tort action not involving medical malpractice the City or other entity is added as a party at any time and is represented by the Corporation Counsel's Office (Tort Division), the case will be reassigned to a City Part," (RJIs & Assignments, https://ww2.nycourts.gov/courts/1jd/supctmanh/RJIs-Assignments.shtml [accessed May 1, 2024]).

Third-party plaintiffs did not oppose the branch of the cross-motion that seeks to transfer this matter to a City Part. Because Corporation Counsel is representing the City, the matter will be reassigned to a City Part. Accordingly, the branch of the City's cross-motion for reassignment is granted without opposition.

## Discovery

A reassignment, however, does not preclude this Court from issuing a decision on third-party plaintiffs' motion. After all, the City was clearly willing to litigate here because it had plenty of time to move for reassignment, more than a year and a half, and never did.

**157203/2018   SCHWARTZ, TODD vs. PORT IMPERIAL FERRY CORP**
Motion No.  003

**Page 3 of 5**

The City claims in conclusory fashion that it produced responses to third-party plaintiffs' June 29, 2023 demand during the pendency of this motion. Third-party plaintiffs assert that these responses are inadequate and that discovery is still outstanding.

Failure to comply with discovery, particularly after a court order has been issued, may constitute the "dilatory and obstructive, and thus contumacious, conduct warranting the striking of [the answer]" (*Kutner v Feiden, Dweck & Sladkus*, 223AD2d 488, 489, 637 NYS2d 15 [1st Dept 1996]. "The striking of a party's pleadings should not, however, be imposed except in instances where the party seeking disclosure demonstrates conclusively that the failure to disclose was willful, contumacious or due in bad faith" (*Hassan v Manhattan & Bronx Surface Tr. Operating Auth.*, 286 AD2d 303, 304, 730 NYS2d 286 [1st Dept 2001]). The determination to strike a pleading lies "within the court's broad discretion" (*Banner v New York City Hous. Auth.*, 73 AD3d 502, 503, 900 NYS2d 857 [1st Dept 2010]).

Given the attempt, although belated, to provide responses, the Court is unable to find that the City has acted contumaciously and so will not take the drastic remedy of striking an answer.

However, the motion also seeks to compel discovery. According to third-party plaintiffs, at least 10 of their discovery demands still remain outstanding. For example, the City produced sidewalk records but the accident did not happen on the sidewalk – it allegedly happened on the macadam. If the records already produced include the macadam, then an affidavit explaining that will suffice; otherwise, the City must produce the proper records. As the City has not objected to the scope of the requests in opposition to the motion, the Court hereby orders the City to fully respond to the demands dated June 29, 2023. Even if the City claims it has responded, the Court orders it to respond again in an organized fashion; that is not too much to ask in this day of electronic production of records. Said full response must be served by June 26, 2024.

**157203/2018   SCHWARTZ, TODD vs. PORT IMPERIAL FERRY CORP**
**Motion No.  003**

**Page 4 of 5**

[* 4]

Although movants seek preclusion, the Court declines to set the penalty for nonproduction in this decision. If the City fails to abide by this order, then the Justice presiding in the City Part certainly has the authority and experience to decide an appropriate penalty.

Accordingly, it is hereby

ORDERED that the branch of third-party plaintiffs Port Imperial Ferry Corporation and Romulus Development Corporation's motion to strike third-party defendant's answer is denied; and it is further

ORDERED that the branch of third-party plaintiffs' motion to compel the City of New York is granted and the City shall respond to the third-party plaintiffs' outstanding discovery demands dated June 29, 2023 on or before June 26, 2024; said response must be full and complete and presented in an organized fashion; and it is further

ORDERED that the cross-motion by third-party defendant the City of New York to transfer this case to the City Part is granted and this matter shall be randomly reassigned to a justice presiding over a City Part.

| 5/14/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **ARLENE P. BLUTH, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | X | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157203/2018   SCHWARTZ, TODD vs. PORT IMPERIAL FERRY CORP**
**Motion No.  003**

**Page 5 of 5**

5 of 5