| |
|---|
| **Kaufman v Frankel** |
| 2024 NY Slip Op 31934(U) |
| June 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653822/2020 |
| Judge: Arlene P. Bluth |

| |
|---|
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 14

-------------------------------------------------------------------------------X

WILLIAM D KAUFMAN,

                                        Plaintiff,

                          - v -

ADY GLUCK FRANKEL, HANA FINANCIAL INC.,
NECESSARY OBJECTS LTD.

                                        Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653822/2020 |
| **MOTION DATE** | 05/15/2024 |
| **MOTION SEQ. NO.** | 007 |

**DECISION + ORDER ON MOTION**

HON. ARLENE P. BLUTH:

The following e-filed documents, listed by NYSCEF document number (Motion 007) 119, 120, 121, 122, 123, 128, 129, 130, 131, 136, 137, 138, 139, 140, 141

were read on this motion to/for                                   DISCOVERY                                   .

Defendants' motion is granted in part and denied in part.  The branch of the motion to strike the complaint and plaintiff's answer to defendants' counterclaims is granted, and the branch of motion to compel plaintiff's appearance for a deposition and provide full documentation of his health condition is denied as moot.  The request for attorneys' fees is denied at this time.

**Background**

In this case, plaintiff was an employee and chief financial officer of defendants' branded business for decades and they are now suing each other for all sorts of alleged nefarious activities.  The details of the allegations are not relevant here.  What is now relevant is that plaintiff has failed to honor discovery obligations.

The Court certainly acknowledges that the history of these failures is blamed on plaintiff's alleged infirmity, but despite being given multiple opportunities to prove he is indeed

**653822/2020   KAUFMAN, WILLIAM D vs. GLUCK FRANKEL, ADY**                                   **Page 1 of 4**
    **Motion No.  007**

sick, that has not been done. All that has been accomplished by the multiple motions has been delay. There is still no proof of infirmity and plaintiff still has not been deposed.

Despite repeated requests, plaintiff never produced any proof of his ailments other than a physician's assistant's note that was not even notarized. Even now, plaintiff relies on the insistence of his wife that his condition is too fragile to appear for a deposition(NYSCEF Doc. No. 141 at 1). Those representations are not the same as substantive medical documentation suggesting a health condition that prevents plaintiff from being deposed; plus, plaintiff's wife's motivations raise additional questions, particularly considering the fact that she has not arranged for the production of sufficient medical documentation about this alleged infirmity for more than a year. Moreover, defendants claim that one of the ways plaintiff stole funds from defendant was giving his wife a "no show" job and that she participated in dissipating and hiding assets (*see e.g.,* NYSCEF Doc. 86, ¶¶ 17 and 24). In any event, the wife, even if it wasn't alleged that she participated in the complained schemes, clearly has an interest to prevent the counterclaims from going forward and her unsupported claims cannot be the basis to prevent the plaintiff's deposition.

This Court ordered that the plaintiff's deposition go forward at least four times (NYSCEF Doc. 57, 80, 97 and 127), and, despite plaintiff's attorney's various excuses, the fact is the plaintiff has not been produced. The defendants have been extraordinarily patient and have tried to move this case, but the plaintiff has delayed this case without proof of the claimed incompetence. The plaintiff has tried to dictate all sorts of conditions for the deposition, such as a 4-hour time limit, remote questioning, and an agreement to be reached by the parties at the time of the deposition on whether the deposition should continue for more than one day (NYSCEF Doc. No. 141 at 13). Of course, plaintiff had no right to make such conditions, but the defendant

**653822/2020   KAUFMAN, WILLIAM D vs. GLUCK FRANKEL, ADY**
**Motion No.  007**

**Page 2 of 4**

agreed to the four hours-per-day "demand", and still the plaintiff has not shown up. Plaintiff proposed *one* date on which he was available and refused to engage in any other scheduling discussions until Passover had ended (NYSCEF Doc. No. 144 at 8). In his opposition papers, plaintiff maintained that he would appear for a deposition but did not.

This case was commenced in 2020 and the plaintiff has not even been deposed, despite the defendants doing everything possible to get that deposition done. Enough is enough – the parties and the Court must face the reality that the plaintiff, willfully and contumaciously, has decided that he is never going to be deposed. And the defendants are entitled to relief. Giving plaintiff ample time to prove the infirmity has not worked. Compelling the deposition over and over and over and over has not worked. The only thing left is to strike the complaint and the answer to counterclaims and allow the defendants to go forward with the inquest to prove damages. Of course, the plaintiff (or his attorney) may appear at the inquest to contest damages, but the defendants are entitled to that inquest.

The law supports striking the plaintiff's pleadings (complaint and answer to counterclaims) here. Failure to comply with discovery, particularly after a court order has been issued, may constitute the "dilatory and obstructive, and thus contumacious, conduct warranting the striking of [the answer]" (*Kutner v Feiden, Dweck & Sladkus*, 223AD2d 488, 489, 637 N.Y.S.2d 15 [1st Dept 1996]. "The striking of a party's pleadings should not, however, be imposed except in instances where the party seeking disclosure demonstrates conclusively that the failure to disclose was willful, contumacious or due in bad faith" (*Hassan v Manhattan & Bronx Surface Tr. Operating Auth.*, 286 AD2d 303, 304, 730 N.Y.S.2d 286 [1st Dept 2001]). The determination to strike a pleading lies "within the court's broad discretion" (*Banner v New York City Hous. Auth.*, 73 AD3d 502, 503, 900 N.Y.S.2d 857 [1st Dept 2010]).

**653822/2020   KAUFMAN, WILLIAM D vs. GLUCK FRANKEL, ADY**
  **Motion No.  007**

**Page 3 of 4**

3 of 4

[* 4]

Accordingly, it is hereby

ORDERED that the branch of the motion to strike plaintiff's complaint and answer to defendants' counterclaims is granted and those pleadings are hereby stricken; and it is further

ORDERED that the branch of the motion to compel plaintiff's appearance for a deposition and provide full documentation of his illness is denied as moot; and it is further

ORDERED that the branch of the motion seeking attorney's fees for making the motion is denied at this time; and it is further

ORDERED that defendants shall file a note of issue for an inquest by June 21, 2024 and, after that is filed, the defendant shall upload a letter on NYSCEF advising the court that the note of issue has been filed and the clerk will schedule the inquest.

| 6/4/2024 | | | ARLENE P. BLUTH, J.S.C. |
| --- | --- | --- | --- |
| **DATE** | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**653822/2020   KAUFMAN, WILLIAM D vs. GLUCK FRANKEL, ADY**
**Motion No.  007**

**Page 4 of 4**

4 of 4