**Dwyer v 99 Canal Realty Inc.**

2025 NY Slip Op 30391(U)

January 30, 2025

Supreme Court, New York County

Docket Number: Index No. 159097/2020

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JUDY H. KIM**                     PART           04

*Justice*

-------------------------------------------------------------------------------X

MICHAEL DWYER,

                                        Plaintiff,

- v -

99 CANAL REALTY INC.,VALLEY NATIONAL BANCORP
D/B/A VALLEY BANK, CATHAY GENERAL BANCORP
D/B/A CATHAY BANK,

                                        Defendants.

-------------------------------------------------------------------------------X

|   |   |
|---|---|
| INDEX NO. | 159097/2020 |
| MOTION DATE | 11/26/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59

were read on this motion to/for          STRIKE PLEADINGS          .

Upon the foregoing documents, plaintiff's motion to strike defendant 99 Canal Realty Inc's Answer, pursuant to CPLR 3126, is granted in part, to the extent forth below.

Plaintiff commenced this action on October 27, 2020, alleging that on May 8, 2019, he was working at 93 Canal Street, New York, New York, when he was injured due to defendants' negligence, and asserting claims for common law negligence and claims under Labor Law §§ 200, 240(1) and 241(6) (NYSCEF Doc. No. 1 [Complaint]). The parties appeared for discovery conferences on January 17, 2023, May 10, 2024, July 12, 2024, and November 15, 2024, each of which resulted in an order directing, inter alia, that defendant 99 Canal Realty Inc. ("99 Canal") to appear for a deposition on or before a specified date (NYSCEF Doc. Nos. 30, 42-44 [Conference Orders]). The two most recent conference orders dated July 12, 2024, and November 15, 2024, directed that the deposition dates could "not be adjourned except for with permission of the Court,

in advance, upon good cause shown" (NYSCEF Doc. Nos. 43-44). 99 Canal never produced a witness for a deposition and was never granted an extension of time to do so.

Plaintiff now moves for an order striking 99 Canal's Answer, arguing that it's failure to appear for a Court ordered deposition was willful and contumacious. In opposition, Canal represents that it was unable to produce its witness by the deadlines set in the two most recent discovery orders because he was out of the country, but that 99 Canal is currently willing and able to produce this individual for a deposition (NYSCEF Doc. No. 59 [Opp. at ¶¶3-5]).

## DISCUSSION

CPLR 3126 authorizes the court to sanction a party who "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed." Although "[t]he striking of a party's pleadings should not...be imposed except in instances where the party seeking disclosure demonstrates conclusively that the failure to disclose was willful, contumacious or due to bad faith" (Hassan v Manhattan & Bronx Surface Tr. Operating Auth., 286 AD2d 303, 304 [1st Dept 2001]) such a sanction may be "warranted when a party repeatedly and persistently fails to comply with several disclosure orders issued by the court" (Gonzalez v 431 E. 115 St. LLC, 68 Misc 3d 1207(A) [Sup Ct, NY County 2020] citing Min Yoon v Costello, 29 AD3d 407 [1st Dept 2006]).

Here, defendant 99 Canal's failure to comply with four court orders directing the production of a witness for a deposition is sufficient to warrant the sanction sought (See e.g. McHugh v City of New York, 150 AD3d 561 [1st Dept 2017] ["[t]he City's and the MTA's unexplained noncompliance with a series of court-ordered disclosure mandates over a period of nearly three years constituted willful and contumacious behavior, warranting the striking of their answer"]). That 99 Canal's witness was out of the country does not itself provide a reasonable

**159097/2020   DWYER, MICHAEL vs. 99 CANAL REALTY INC.**
**Motion No.  002**

**Page 2 of 4**

excuse as to defendant's non-compliance, particularly as to the two deposition dates set prior to his departure (See e.g. Silverio v Arvelo, 103 AD3d 401 [1st Dept 2013] ["The fact that defendant has disappeared or made himself unavailable provides no basis for denying a motion to strike his answer, particularly in the face of continued defaults in appearance for examination before trial"]). However, as 99 Canal had not previously been warned that its answer would be stricken if it failed to produce a witness as directed (See Armstrong v. B.R. Fries & Assoc., Inc., 95 AD3d 697, 698 [1st Dept 2012] ["extreme" penalty of dismissal should not be imposed absent prior notice such a sanction "might be imminent"]), the Court grants plaintiff's motion to the limited extent that 99 Canal is directed to produce its witness for a deposition **on or before March 7, 2025** and further orders that **should Canal fail to appear for this deposition its answer will be automatically stricken**.

Accordingly, it is

**ORDERED** that plaintiff's motion is granted to the limited extent that 99 Canal Realty Inc. is to appear for a deposition on or before March 7, 2025; and it is further

**ORDERED** that, should 99 Canal Realty Inc. fail to appear for a deposition by that date, its Answer shall be stricken; and it is further

**ORDERED** that plaintiff shall, within five days of the date of this decision and order, serve a copy of this decision and order with notice of entry upon defendants, as well as the Clerk of the Court (80 Centre St., Room 308), and the Clerk of the General Clerk's Office (60 Centre St., Rm. 119), in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "EFiling" page on this Court's website

at the address www.nycourts.gov/supctmanh).

This constitutes the decision and order of the Court.

_____1/30/2025_____
**DATE**

_____
**HON. JUDY H. KIM, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]