| |
|---|
| **Smith v Founders Entertainment, LLC** |
| 2026 NY Slip Op 30646(U) |
| February 17, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 153677/2019 |
| Judge: Leslie A. Stroth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. LESLIE A. STROTH**

*Justice*

PART        **12M**

-------------------------------------------------------------------X

TIMOTHY SMITH,

Plaintiff,

- v -

FOUNDERS ENTERTAINMENT, LLC,THEATRICAL
RESOURCES ENTERPRISE LLC,MOUNTAIN
PRODUCTIONS, INC.,

Defendant.

-------------------------------------------------------------------X

FOUNDERS ENTERTAINMENT, LLC

Plaintiff,

-against-

THEATRICAL RESOURCES, LLC., MOUNTAIN
PRODUCTIONS, INC.

Defendant.

-------------------------------------------------------------------X

INDEX NO.            153677/2019

MOTION DATE          08/06/2025

MOTION SEQ. NO.       004

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595021/2022

The following e-filed documents, listed by NYSCEF document number (Motion 004) 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 296, 297

were read on this motion to/for

VACATE/STRIKE - NOTE OF ISSUE/JURY
DEMAND/FROM TRIAL CALENDAR                .

Defendant Mountain Productions, Inc. ("Mountain Productions"), moves to vacate the notice of issue and to compel outstanding discovery, or, to strike Plaintiff and Co-Defendant Founders Entertainment, LLC's pleadings. For the reasons outlined below, Defendant Mountain Production's motion is denied.

Pursuant to 22 NYCRR 202.21 (e),

[* 1]

"Within 20 days after service of a note of issue and certificate of readiness, any party to the action or special proceeding may move to vacate the note of issue, upon affidavit showing in what respects the case is not ready for trial, and the court may vacate the note of issue if it appears that a material fact in the certificate of readiness is incorrect..."

A "note of issue should be vacated where it is based upon a certificate of readiness that incorrectly states that all discovery has been completed" (*Matos v City of New York,* 154 AD3d 532, 533 [1st Dept 2017]). However, "[t]rial courts are authorized, as a matter of discretion, to permit post-note of issue discovery without vacating the note of issue, so long as neither party will be prejudiced" (*Cuprill v Citywide Towing and Auto Repair Services,* 149 AD3d 442, 442 [1st Dept 2017]).

The rules for this Part clearly state, "any motions related to disclosure may not be filed without first conferencing the matter with the Court." In addition, "[a]bsent exigent circumstances, prior to contacting the court regarding a disclosure dispute, counsel must first consult with one another in a good faith effort to resolve all disputes about disclosure" (N.Y. Ct. R. 202.20-f [McKinney]).

At present, the note of issue was filed on July 18, 2025, ten days after the Parties' most recent status conference (July 8, 2025). No conference has been requested or held with the Court since the filing of the note of issue. The instant motion was filed on August 6, 2025.

In support of its motion, Defendant Mountain Productions provides an Affirmation of Good Faith (NYSCEF Doc. No. 145), indicating that correspondence was sent to Plaintiff's counsel on October 23, 2023; and to Co-Defendant Founders Entertainment, LLC's counsel on October 23, 2023, March 21, 2024, August 22, 2024, October 31, 2024, January 13, 2025, and March 24, 2025. All of these dates long predate the filing of the note of issue and the instant motion.

[* 2]

Defendant Mountain Productions also states that phone messages were left for Plaintiff's and Co-Defendant Founders Entertainment, LLC's counsel. Defendant Mountain Productions avers that these attempts at contact were unsuccessful in resolving the outstanding discovery disputes. However, Plaintiff represented that Mountain Productions' call was placed mere hours before filing the instant motion. The Court therefore finds Defendant Mountain Productions' attempts at contact to resolve the outstanding discovery issues to be inadequate; moreover, Defendant Mountain Productions failed to follow this Part's rules in conferencing this matter with the Court. Therefore, Defendant Mountain Productions' motion to vacate the note of issue and compel discovery is denied.

CPLR § 3126 authorizes the court to sanction a party who "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed." However, "[t]he striking of a party's pleadings should not... be imposed except in instances where the party seeking disclosure demonstrates conclusively that the failure to disclose was willful, contumacious or due to bad faith" (*Gonzalez v 431 E. 115 St. LLC,* 68 Misc 3d 1207[A] [Sup Ct, NY County 2020], citing *Hassan v Manhattan & Bronx Surface Tr. Operating Auth.,* 286 AD2d 303, 304 [1st Dept 2001]).

Both Plaintiff and Co-Defendant Founders Entertainment, LLC represent that they have responded to Mountain Productions' demands. Given Mountain Productions' failure to follow Part rules, and in light of the strong judicial preference to resolve cases on the merits, the harsh penalty of striking the pleadings is not warranted here (*see Bassett v Bando Sangsa Company, Ltd.,* 103 A.D.2d 728, 728 [1st Dept 1984]).

153677/2019  SMITH, TIMOTHY vs. FOUNDERS ENTERTAINMENT, LLC
Motion No. 004

Page 3 of 4

Accordingly, it is hereby

ORDERED, that Defendant Mountain Productions Inc.'s motion to vacate the note of issue and to compel outstanding discovery, or, to strike Plaintiff and Co-Defendant Founders Entertainment, LLC's pleadings, is denied.

The foregoing constitutes the decision and order of the Court.

| 2/17/2026 | | | | |
|---|---|---|---|---|
| **DATE** | | | LESLIE A. STROTH, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**153677/2019  SMITH, TIMOTHY vs. FOUNDERS ENTERTAINMENT, LLC**
**Motion No.  004**

Page 4 of 4

4 of 4